1999 PA Super 13

**COMMONWEALTH of Pennsylvania,
Appellee,**

v.

**John David REESE, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 22, 1998.

Filed Jan. 21, 1999.

Kevin G. Sasinoski, Public Defender, Pittsburgh, for appellant.

Robert A. Willig, Asst. Dist. Atty., Pittsburgh, for Commonwealth, Appelle.

Before MUSMANNO, and ORIE MELVIN, JJ., and CIRILLO, President Judge Emertius.

ORIE MELVIN, J.:

¶ 1 This is an appeal from the Judgment of Sentence imposed following a bench trial before the Honorable Gerard M. Bigley on June 12, 1997, in the Court of Common Pleas of Allegheny County. Appellant, John David Reese, was charged in the criminal information with single counts of Criminal Attempt [1] and Stalking [2]. The court found Appellant not guilty of the crimes charged but guilty of the summary offense of Harassment [3] and imposed a $100.00 fine. This appeal followed. We affirm.

¶ 2 The evidence presented at trial established that on a rainy day on August 4, 1995, the thirteen-year-old female victim was standing at a bus stop waiting to go to school. Appellant, a taxicab driver, drove by in his cab looking at the victim. The victim looked away. Appellant drove by the victim a second time making hand motions for her to get into his car. The victim shook her head no. Appellant drove by a third time, rolled down his window and said, "[c]ome on, it is dry in here. I won't hurt you. I will take you home." (N.T.,6/12/97, at 6). The victim declined the offer. Appellant drove by the victim a fourth time, opened the door, and stated, "[c]ome on, it is dry in here. I won't hurt you, I promise I will take you home." *Id.* The victim ran to a pay phone to call her aunt. Appellant followed in his car, but when he saw the victim make the call he left.

¶ 3 The sole issue presented for our review is whether the trial court erred in finding Mr. Reese guilty of summary harassment where that offense was not charged in the criminal information. Mr. Reese contends that harassment is not a lesser-included of-

**1.** 18 Pa.C.S.A. § 901

**2.** 18 Pa.C.S.A. § 2709(b)

**3.** 18 Pa.C.S.A. § 2709(a)

fense of stalking, therefore, the Commonwealth's failure to charge him with harassment deprived the trial court of subject-matter jurisdiction to convict or sentence him for such offense. If Mr. Reese's premise is accurate then his claim has merit. Thus we are presented with the novel question of whether or not harassment is a lesser-included offense of stalking.

¶ 4 Initially, we note that " 'upon indictment for a particular crime, a defendant may be convicted of a lesser offense included within that crime.' As long as conviction is for a lesser-included offense, the defendant will have been put on notice of the charges against him and can adequately prepare a defense." *Commonwealth v. Sewell*, 702 A.2d 570, 571 (Pa.Super.1997) (quoting and citing *Commonwealth v. Pemberth*, 339 Pa.Super. 428, 489 A.2d 235, 236–37 (1985)). Additionally, this Court has used the following test to determine whether a crime is necessarily a lesser-included offense of another:

> A lesser-included offense is a crime having elements of which are a necessary subcomponent of elements of another crime, the greater offense. The elements in the lesser-included offense are all contained in the greater offense; however, the greater offense contains one or more elements not contained in the lesser-included offense.

*Commonwealth v. Blackwell*, 436 Pa.Super. 294, 647 A.2d 915, 927 (1994) (citations omitted).

¶ 5 A review of the elements of the offenses *sub judice* reveals that both are contained in the same section of the Crimes Code, namely, § 2709 which reads as follows:

§ 2709 Harassment and Stalking

(a) Harassment.–A person commits the crime of harassment when, with intent to harass, annoy or alarm another person:

(1) he strikes, shoves, kicks or otherwise subjects him to physical contact, or attempts to do the same; or

(2) he follows a person in or about a public place or places; or

(3) he engages in a course of conduct or repeatedly commits acts which alarm or seriously annoy such other person and which serve no legitimate purpose.

(b) Stalking.–A person commits the crime of stalking when he engages in a course of conduct or repeatedly commits acts toward another person without proper authority, under circumstances which demonstrate either of the following:

(1) an intent to place the person in reasonable fear of bodily injury; or

(2) an intent to cause substantial emotional distress to the person.

(c) Grading.-

(1) An offense under subsection (a) shall constitute a summary offense.

(2) (i) An offense under subsection (b) shall constitute a misdemeanor of the first degree.

18 Pa.C.S.A. § 2709(a)(b) and (c).

¶ 6 The only material differences between the elements of harassment and stalking are the heightened level of intent and the necessity of repetitive conduct required to prove stalking. It is the different type of intent required in stalking that Mr. Reese contends precludes harassment from being a lesser-included offense. We find no merit in this argument.

¶ 7 Upon a simple reading of the statute we find harassment requires the prohibited conduct be done with the intent to "harass, annoy, or alarm." On the other hand, stalking requires a more malevolent intent "to place [another] in reasonable fear of bodily injury" or "cause substantial emotional distress." The more malevolent intent necessarily includes the lesser intent as one cannot intend to place someone in fear of bodily injury or cause emotional distress without also intending to annoy or alarm that person. Stalking, as the greater offense, necessarily contains one or more elements not contained in the lesser offense. The relevant inquiry is whether all of the elements of harassment are contained in stalking.

¶ 8 We therefore hold that all the factual predicates which support a finding of harassment would equally serve as factual predicates for stalking if committed re-

peatedly under circumstances demonstrating the requisite intent. For instance, a harassment charge under either § 2709(a)(1) or (2) merely requires a single act of physical contact or following in public with the intent to harass, annoy, or alarm. This same conduct if committed repeatedly with the intent to place the victim in fear of bodily injury or cause the victim substantial emotional distress would rise to the level of stalking. Moreover, but for the differing intent, the language used in § 2709(a)(3) closely parallels the language found in the stalking subsection. Clearly, one can harass without stalking, but one cannot stalk without also harassing. Stalking is simply a more serious form of harassment. Consequently, we find that harassment is a constituent offense of stalking.

¶ 9 Judgment of sentence affirmed.

