J. S03008/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                          :          PENNSYLVANIA
             v.                 :
                                          :
ANTHONY D. DATTILO,           :           No. 1195 EDA 2014
                                          :
                Appellant       :

Appeal from the Judgment of Sentence, December 20, 2013,
in the Court of Common Pleas of Bucks County
Criminal Division at No. CP-09-CR-0008338-2012

BEFORE:  FORD ELLIOTT, P.J.E., PANELLA AND OTT, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED MAY 11, 2015**

Appellant challenges the judgment of sentence entered following his plea of guilty to numerous sex-related offenses. Finding no error, we affirm.

The following factual summary was offered by the Commonwealth during appellant's guilty plea:

> On Wednesday, May 2, 2012, at approximately 12:26 a.m., Bensalem Township police officers were dispatched by Bucks County radio to the Lincoln Motel, 2277 Lincoln Highway, Trevose, Bucks County. Officers were dispatched for a possible abduction of a 14-year-old female.
>
> Family members of the 14-year-old female had received text messages from the 14-year-old female, whose initials are RT, stating that she was being taken to a motel, the Lincoln Motel.
>
> At that point officers responded to the Lincoln Motel and they began to conduct knock and talks on all the occupied rooms on the second floor of the

Lincoln Motel. Bensalem Police Officer Jason Hill knocked on the door of room number 232 and he heard a male voice respond: Who is it?

Officer Hill advised that it was the police and to please come to the door. [Appellant] answered the door and identified himself as a Philadelphia police officer, 2nd District.

Officer Hill asked [appellant] who was with him, and at that point he opened the door and pointed to two black females sitting on the bed. The females were positively identified as RT, with a date of birth of [1997], and her cousin. The females were asked to exit the room and Officer Hill spoke to RT alone in the hallway of the motel.

At that point, RT began to cry and told the officers that she wanted to go home. She said that he, meaning [appellant], touched her. Officer Hill asked her where, and she said she was touched in the breast and genital area.

Sergeant Andrew Aninsman and Detective Mark Kelly interviewed the cousin at Bensalem Township Police Department who stated that she knows [appellant] and that she called him on Tuesday, May 1.

She said that [appellant] was interested in having sex with her and offered to pay her a hundred dollars. She told [appellant] that she had her 15-year-old cousin with her, and that [appellant] told her he would also give her a hundred dollars for sex.

She stated that she convinced RT to come with her to the Lincoln Motel, and she and RT were picked up there by [appellant] at her mother's house in Philadelphia and driven to the Lincoln Motel.

The cousin said that they rented a motel room at the Lincoln Motel and they went into the room with [appellant] and she said that she had sexual

intercourse with [appellant] in the motel room while RT sat in the room with them.

Thereafter, the Bucks County Children's Advocacy Center conducted a forensic interview of RT, and she stated, also, that she had been at her cousin's house and that her cousin was talking about having sex for a hundred dollars.

She said that they left the house and they walked to the corner, and that's where [appellant] picked them up in his car. He then took them to the Lincoln Motel.

She stated that after [appellant] had sex with her cousin, he then sat across from her on the bed while he was unclothed and at that point he started to touch her, and he touched her breast area and he also penetrated her vagina with his finger.

She said that he was doing that, she had pushed his hand away, and at that point police officers knocked on the door.

Notes of testimony, 6/17/13, at 21-25.

Appellant was charged with aggravated indecent assault without consent, aggravated indecent assault with a person less than 16, unlawful contact with a minor, criminal use of communication facility, corruption of minors, promoting prostitution of minor -- transporting a minor, promoting prostitution of minor -- lease prostitution place, promoting prostitution -- transporting prostitute in the Commonwealth, promoting prostitution --

provide place for prostitution, patronizing prostitutes, indecent assault without consent, and indecent assault of a person less than 16 years of age.[1]

On June 17, 2013, appellant pleaded guilty to all charges except aggravated indecent assault without consent, which was **nolle prossed**. On December 20, 2013, appellant was sentenced to four to ten years' imprisonment for aggravated indecent assault with a person less than 16, and a consecutive term of two to ten years' imprisonment for unlawful contact with a minor, for an aggregate term of six to twenty years' imprisonment. Both offenses on which appellant was sentenced were graded as second degree felonies carrying standard range sentences of 22 to 36 months' imprisonment. Thus, appellant's sentence for aggravated indecent assault with a person less than 16 is in the aggravated range.[2] This timely appeal followed.

On appeal, appellant challenges the discretionary aspects of his sentence on the basis that he was sentenced in the aggravated range based upon the following improper factors: 1) that he is being punished twice for the victim's minor status because it is the basis for both aggravated indecent assault with a person less than 16 and unlawful contact with a minor; and

---

[1] 18 Pa.C.S.A. §§ 3125(a)(1), 3125(a)(8), 6318(a)(1), 7512(a), 6301(a)(1)(i), 5902(b.1)(6), 5902(b.1)(7), 5902(b)(6), 5902(b)(7), 5902(e), 3126(a)(1), and 3126(a)(8), respectively.

[2] Appellant inaccurately states in his brief that both sentences were in the aggravated range. (Appellant's brief at 7.)

2) that the court improperly enhanced his sentence because he is a police officer.

> A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute. Two requirements must be met before we will review this challenge on its merits. First, an appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. Second, the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code. The determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis. In order to establish a substantial question, the appellant must show actions by the trial court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process.

*Commonwealth v. Treadway*, 104 A.3d 597, 599 (Pa.Super. 2014), quoting *Commonwealth v. Bowen*, 55 A.3d 1254, 1262-1263 (Pa.Super. 2012), *appeal denied*, 64 A.3d 630 (Pa. 2013).

This court has previously held that an allegation that the trial court considered improper factors in imposing a sentence in the aggravated range raises a substantial sentence. *Commonwealth v. Stewart*, 867 A.2d 589, 592 (Pa.Super. 2005). Therefore, we will review the merits of appellant's issues.

Appellant first complains that he is being improperly punished twice for the same conduct because both aggravated indecent assault with a person less than 16 and unlawful contact with a minor have as their central element

the minor status of the victim.[3]  While not employing the exact language,
appellant appears to be suggesting that one of these crimes is a lesser
included offense in the other and that their sentences should have merged.

> A lesser-included offense is a crime having elements
> of which are a necessary subcomponent of elements
> of another crime, the greater offense.  The elements
> in the lesser-included offense are all contained in the
> greater offense; however, the greater offense
> contains one or more elements not contained in the
> lesser-included offense.

*Commonwealth v. Kelly*, 102 A.3d 1025, 1032 (Pa.Super. 2014), quoting
*Commonwealth v. Reese*, 725 A.2d 190, 191 (Pa.Super. 1999), *appeal
denied*, 740 A.2d 1146 (Pa. 1999).  Both statute and case law require that
in regard to a single criminal act, a lesser included offense merges with the
greater offense for sentencing.  *See* 42 Pa.C.S.A. § 9765; *Commonwealth
v. Nero*, 58 A.3d 802, 806-807 (Pa.Super. 2012), *appeal denied*, 72 A.3d
602 (Pa. 2013).

Aggravated indecent assault is defined as follows:

> **(a)** **Offenses defined.**--Except as provided in
> sections 3121 (relating to rape), 3122.1
> (relating to statutory sexual assault), 3123
> (relating to involuntary deviate sexual
> intercourse) and 3124.1 (relating to sexual
> assault), a person who engages in penetration,
> however slight, of the genitals or anus of a
> complainant with a part of the person's body

---

[3] We note that in both appellant's brief and in his concise statement of matters complained of on appeal, he incorrectly refers to his corruption of minors conviction as being the conviction for which he was sentenced to two to ten years' imprisonment.  This sentence was actually imposed for the unlawful contact with minor conviction.

> for any purpose other than good faith medical, hygienic or law enforcement procedures commits aggravated indecent assault if:
>
> (8) the complainant is less than 16 years of age and the person is four or more years older than the complainant and the complainant and the person are not married to each other.

18 Pa.C.S.A. § 3125(a)(8).

Unlawful contact with a minor is defined as follows:

> **(a) Offense defined.**--A person commits an offense if he is intentionally in contact with a minor, or a law enforcement officer acting in the performance of his duties who has assumed the identity of a minor, for the purpose of engaging in an activity prohibited under any of the following, and either the person initiating the contact or the person being contacted is within this Commonwealth:
>
> (1) Any of the offenses enumerated in Chapter 31 (relating to sexual offenses).

18 Pa.C.S.A. § 6318(a)(1).

This court has previously ruled that unlawful contact with a minor does not merge with indecent assault because unlawful contact requires a communication with the victim, which indecent assault does not, while indecent assault requires an actual physical touching which unlawful contact does not. **Commonwealth v. Evans**, 901 A.2d 528, 537 (Pa.Super. 2006), **appeal denied**, 909 A.2d 303 (Pa. 2006). The **Evans** court also explained that unlawful contact does not require that the act that is the predicate of

the communication be accomplished. *Id.* Similarly, in this case, unlawful contact requires a communication that aggravated indecent assault with a minor does not, while aggravated indecent assault with a minor requires an actual physical penetration of the genitals or anus which unlawful contact does not. The crimes do not merge and separate sentences were proper. Moreover, the fact that the two offenses do share one similar element, the victim being under 16 or being a minor, does not bar separate sentences. There is no error here.

Appellant next complains that the trial court improperly imposed a greater punishment because appellant is a police officer. Appellant asserts that his job was irrelevant because it was unrelated to the criminal conduct. Appellant notes that the victim was not aware that appellant was a police officer at the time, suggesting that this factor did not pose a coercive effect.

At sentencing, the Commonwealth stated that the child had learned that appellant was a police officer, that she had been brought up to trust police officers, and that she now had difficulty with that trust. (Notes of testimony, 12/20/13 at 6-7.) The court later noted that appellant had also severely damaged the public trust, questioning whether a parent can rely upon a police officer with their child, or whether a woman should roll down her car window when stopped at night. (*Id.* at 42-43.) Finally, in its opinion, the trial court noted that when police knocked on appellant's motel room door, appellant answered and informed the police that he was a

Philadelphia police officer. (Trial court opinion, 5/30/14 at 7.) The court interpreted this as an effort by appellant to use his police status to avoid further investigation. We find that all of these factors were properly considered by the court and justified an enhanced sentence based upon appellant's status as a police officer.

Accordingly, having found no merit in the issues raised on appeal, we will affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/11/2015