J-S41028-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAVID A. ADEWUMI | |
| Appellant | No. 1902 MDA 2014 |

Appeal from the Judgment of Sentence October 23, 2014
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0001348-2013

BEFORE:  ALLEN, J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.:                **FILED AUGUST 07, 2015**

David A. Adewumi appeals from the judgment of sentence imposed by the Court of Common Pleas of Centre County following his conviction of two counts each of stalking[1] and harassment.[2]  Adewumi challenges the trial court's denial of his request to withdraw his *nolo contendere* plea in relation to the aforementioned crimes.  In the alternative, Adewumi challenges both the legality and discretionary aspects of his sentence.  After careful review, we affirm in part, vacate in part and remand for resentencing.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §  2709.1(a).

[2] 42 Pa.C.S. §  2709(a).

The trial court summarized the facts and procedural history of the matter as follows:

[Appellant], David A. Adewumi[,] was charged with two counts of [s]talking and two counts of [h]arassment.

By way of background, [Adewumi] requested that his bail be lowered so he could seek mental health treatment. On September 10, 2013, an Order was entered by the Honorable Judge Kistler reducing bail from $50,000 to $1,000 and, if released on bail, [Adewumi] was directed to attend the Meadow[s] Psychiatric Clinic for a mental health evaluation and to follow the recommendations of the evaluator. He was to report to the Meadows Psychiatric Clinic within four hours of release from the Centre County Correctional Facility. He was also ordered to have no contact with [T.L.], the stalking victim in this case. On February 10, 2014, a bench warrant was issued for failure to appear. [Adewumi] did not go to the Meadows but instead fled to California. He was returned to Pennsylvania through the extradition process. Bail was rescinded and was set on April 16, 2014[,] at $50,000 straight.

On September 16, 2014, [Adewumi] entered a [*nolo contendere* plea] and signed a written [*nolo contendere*] colloquy. [Adewumi] filed a *pro se* document on October 6, 2014, despite having counsel appointed to represent him at that time, raising several convoluted issues including an apparent challenge of his plea and seeking to defend himself[,] which seemed to relate more to his other cases. Subsequent to the charges being filed in the herein stalking case, [Adewumi] was charged with institutional vandalism at docket number CP-14-CR-1367-2013. While he was incarcerated in connection with the stalking case, he caused damage by tampering with a sprinkler system at Centre County Correctional Facility. [Adewumi] was also charged with making false reports at docket number CP-14-CR-1694-2013. He made false complaints that corrections officers at Centre County Correctional Facility had grabbed his genitals. These two cases were consolidated and are [also] currently on appeal with the Honorable Superior Court.

[Adewumi] was scheduled for sentencing on October 15, 201[4]. On that date, he made a [motion to withdraw his *nolo contendere* plea]. The scheduled sentencing date was continued

to allow the Commonwealth adequate time to respond to his motion. On October 23, 2013, this [c]ourt heard [Adewumi's motion] which was denied and [Adewumi] was sentenced.

A pre-sentence investigation was prepared which this [c]ourt considered. For Count 1, Stalking, [Adewumi] was sentenced to undergo imprisonment for a period of not less than one (1) year nor more than (5) years in a state correctional institution. Credit was given of fifty-five days served. For Count 2, Stalking, he was sentenced to undergo imprisonment for a period of not less than one (1) year nor more than (5) years in a state correctional institution. For Count 3, Harassment, he was placed on probation for a period of twelve months to run consecutive to the sentence imposed at Count 2. For Count 4, Harassment, he was ordered to pay a fine of $50.00. These sentences are to run consecutive to those imposed on [Adewumi's] other docket numbers[.] [Adewumi] did not file [p]ost-[s]entence [m]otions.

Trial Court Opinion, 1/9/15, at 1-2.

Adewumi raises the following issues on appeal:

1. Did the trial court err in not permitting Adewumi to withdraw his plea?

2. Did the trial court impose a manifestly excessive sentence and abuse its discretion?

3. Where stalking is not qualified [as] a crime of violence, did the lower court err in finding [Adewumi to be Recidivism Risk Reduction Incentive] ineligible?

Appellant's Brief, at 5-6.

"A trial court's decision regarding whether to permit a guilty plea to be withdrawn should not be upset absent an abuse of discretion." *Commonwealth v. Pardo*, 35 A.3d 1222, 1227 (Pa. Super. 2011) (citation omitted). An attempt to withdraw a *nolo contendere* plea is considered based upon the same standard as an attempt to withdraw a guilty plea. *See Commonwealth v. Boatwright*, 590 A.2d 15, 19 (Pa. Super. 1991). A

defendant must show a "fair and just" reason for withdrawing a plea that does not cause "substantial prejudice" to the Commonwealth. *Id.* "The proper inquiry . . . is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice." ***Commonwealth v. Carrasquillo***, ___ A.3d ___, 2015 WL 3684430, at *8 (Pa. 2015). However, "a bare assertion of innocence is not, in and of itself, a sufficient reason to require a court to grant such a request." *Id.* at *1.

As noted by our Supreme Court in ***Carrasquillo***, prior decisions of the Court had lent the impression that a claim of innocence in connection with a request to withdraw a guilty or *nolo contendere* plea prior to sentencing was a *per se* fair and just reason for the withdrawal of the plea. ***See id.*** at *7. In clarifying the Court's stance, ***Carrasquillo*** provides that trial courts have discretion to deny the withdrawal of a plea involving a mere assertion of innocence, particularly where such an assertion lacks plausibility. *Id.* at *8. The circumstances present in ***Carrasquillo*** that led to a lack of plausibility involved the strength of the Commonwealth's case, Carrasquillo's insincerity and manipulation of the system, and the farfetched explanation Carrasquillo provided of his innocence. ***See id.*** at *3, 8.

Here, Adewumi did not proclaim his innocence when he first made the request to withdraw his *nolo contendere* plea on October 15, 2014, the day he had been scheduled for sentencing. Instead, Adewumi indicated his unhappiness with counsel and the outcome of the case. Subsequently, the

court heard argument on Adewumi's motion to withdraw the plea on October 23, 2015. During these proceedings, Adewumi asserted his innocence, but only after the Commonwealth pointed out that he had not done so. Later in the proceedings, when the court questioned him directly, Adewumi again asserted his innocence.

The record reveals, however, that Adewumi consistently manipulated the criminal justice system throughout the pendency of this matter. Adewumi was represented by a series of different attorneys; one was unable to continue representing Adewumi because Adewumi failed to maintain contact with the attorney, while Adewumi asserted the ineffectiveness of another. Adewumi repeatedly alternated between proceeding with counsel and proceeding *pro se*, apparently doing so when he considered it to be convenient to his case. While incarcerated for the instant harassment and stalking charges, Adewumi convinced the trial court to reduce his bail so that he could be released and check himself into a mental health facility for treatment. Instead of entering the treatment facility as agreed, however, Adewumi fled to California and had to be extradited to Pennsylvania at significant cost to the Commonwealth.

During the motion to withdraw and sentencing proceedings, Adewumi continued to demonstrate deceitful and manipulative tendencies. Adewumi claimed that his attorney was ineffective, yet switched from representing himself to proceeding with the very same "ineffective" attorney representing him for the sentencing itself. The Commonwealth presented testimony

during the proceedings on the motion to withdraw indicating that earlier on that day, while the victim's mother was testifying to the impact of Adewumi's actions, Adewumi "broke into a wide grin and [] made an exaggerated wink with his left eye as [the victim's mother] was describing how hard this was on her daughter." N.T. Motion to Withdraw Guilty Plea/Sentencing, 10/23/14, at 85. For these reasons, though Adewumi eventually asserted his innocence, we agree with the trial court that "the motion to withdraw the plea was meant to further harass and intimidate the victim and her family." Trial Court Opinion, 1/9/15, at 5. Furthermore, the Commonwealth's evidence implicating Adewumi indicates that his assertions of innocence are implausible. **Carrasquillo**, **supra**, at *8.

Moreover, we agree with the trial court that the Commonwealth would be prejudiced by the withdrawal of Adewumi's plea. To demonstrate prejudice in connection with the withdrawal of a plea requires "a showing that due to events occurring after the plea was entered, the Commonwealth is placed in a worse position than it would have been had trial taken place as scheduled." **Commonwealth v. Kirsch**, 930 A.2d 1282, 1286 (Pa. Super. 2007). In **Kirsch**, we determined that the reluctance of a witness to testify did not result in prejudice to the Commonwealth sufficient to deny the withdrawal of a guilty plea. We also noted that it "[was] not a situation where in the interim a witness ha[d] died or left the jurisdiction, or where key evidence ha[d] been inadvertently lost or destroyed." **Id.** at 1287.

Conversely, here, two significant witnesses who would have testified for the Commonwealth were located outside the jurisdiction at the time the trial was scheduled to occur. The Commonwealth had purchased non-refundable plane tickets, and the witnesses were prepared to fly to Pennsylvania from Arizona and California to testify. However, in reliance on Adewumi's plea, the Commonwealth informed the individuals that they were not needed for trial and the flights were not used. As such, the Commonwealth would be prejudiced because it would bear the burden of again locating these individuals outside the Commonwealth and arranging for their transportation to Pennsylvania for trial if Adewumi's plea were withdrawn.

Since Adewumi's *nolo contendere* plea stands, we turn to the issues Adewumi raises regarding his sentence.[3] An illegal sentence presents a question of law, and we have a plenary standard of review. **Commonwealth v. Williams**, 997 A.2d 1205, 1208 (Pa. Super. 2010).

Adewumi first asserts that his sentence is illegal because he is eligible for a Recidivism Risk Reduction Incentive (RRRI) sentence. The trial court did not consider an RRRI sentence for Adewumi, finding that Adewumi is precluded from this type of sentence because of the violent nature of his

_____

[3] Because we conclude that the trial court imposed an illegal sentence, we will not address the discretionary sentencing issue Adewumi raises regarding the length of his sentence.

offenses.[4]  Adewumi contends that stalking is not a "crime of violence," citing to the list of crimes in 42 Pa. C.S. § 9714(g).[5]  However, the stalking statute itself provides that violation of a protection from abuse (PFA) order is a "crime of violence."  **See** 18 Pa.C.S. § 2709.1(c); **see also Commonwealth v. Bortz**, 909 A.2d 1221, 1223 (Pa. 2006) ("'crime of violence' occurs when there is a violation of an extant PFA order issued under 23 Pa.C.S. § 6108.  This language is explicit and free from ambiguity.")  The stalking charges for which Adewumi was instantly sentenced involved actions in direct violation of a PFA order the victim had obtained against Adewumi.[6]  Thus, we find that Adewumi is not entitled to an RRRI sentence.

---

[4] The relevant portion of the RRRI statute includes that an "eligible offender" is a defendant who meets certain eligibility requirements including that the individual "[d]oes not demonstrate a history of present or past violent behavior."  61 Pa.C.S. § 4503.

[5] Section 9714 deals generally with sentences for second and subsequent offenses and lists crimes that are considered to be crimes of violence "[a]s used in this section."  42 Pa.C.S. § 9714(g).  Thus, the listed crimes have no bearing on whether a crime of violence was committed instantly, particularly where the stalking statute provides that violation of a PFA order constitutes a crime of violence.  **See** 18 Pa.C.S. § 2709.1(c).

[6] The victim obtained a PFA order on April 19, 2013, prohibiting Adewumi from contacting or following her.  The PFA order was amended on April 23, 2013, and May 14, 2013, ultimately extending the expiration of the order to October 13, 2014.

Adewumi next asserts that his sentence is illegal because the crime of harassment merges with the crime of stalking for sentencing purposes.[7] "A claim that crimes should have merged for sentencing purposes raises a challenge to the legality of the sentence." *Commonwealth v. Quintua*, 56 A.3d 399, 400 (Pa. Super. 2012) (citing *Commonwealth v. Allen*, 24 A.3d 1058, 1062 (Pa. Super. 2011)). Pursuant to our Judicial Code,

> [n]o crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S. § 9765. In the instance of the crimes of harassment and stalking, this Court has determined that "one can harass without stalking, but one cannot stalk without also harassing. Stalking is simply a more serious form of harassment. Consequently, we find that harassment is a constituent offense of stalking." *Commonwealth v. Reese*, 725 A.2d 190, 192 (Pa. Super. 1999).

Here, Adewumi's sentence includes incarceration for two stalking charges, probation for one harassment charge, and a fine for a second harassment charge. One stalking charge alleges that "[b]etween 03/31/13 –

---

[7] This argument was not raised prior to its inclusion in Adewumi's appellate reply brief. However, we may *sua sponte* "address an illegal sentence and remand the matter to the trial court even in the absence of the preservation of the claim as the issue is non-waivable." *Commonwealth v. Mitchell*, 986 A.2d 1241, 1244 (Pa. Super. 2009).

05/15/13, . . . [Adewumi] repeatedly appeared at locations where he knew the victim would be present, to include her high school, her bus stop outside the high school, and her place of employment." Criminal Complaint, at 2. One of the harassment charges is directly related, as it is based upon the identical language and same course of conduct. Likewise, the second stalking charge and second harassment charge are predicated on identical language and the same course of conduct, including that "[b]etween 03/31/13 – 05/15/13, . . . [Adewumi] repeatedly communicated to the victim through text messages and emails." *Id.* at 2-3. Thus, each harassment charge is based upon the same criminal act as one of the stalking charges and therefore merges into the correlated stalking charge. *Reese*, *supra*.

Because the trial court erroneously sentenced Adewumi regarding the harassment charges in addition to the stalking charges, we remand so that the trial court can resentence Adewumi based upon the stalking charges only. *See* 42 Pa.C.S. § 9765; *see also Commonwealth v. Wilson*, 934 A.2d 1191 (Pa. 2007) (where appellate court's disposition upsets trial court's original sentencing scheme, remanding for resentencing is appropriate disposition).

Judgment of sentence affirmed with respect to the trial court's refusal to permit the withdrawal of Adewumi's plea and vacated with respect to separate sentencing for stalking and harassment charges. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/7/2015