J-S95012-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RAYMOND CRAIG | |
| Appellant | No. 407 EDA 2016 |

Appeal from the PCRA Order January 15, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0011797-2007

BEFORE:  STABILE, MOULTON, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                **FILED FEBRUARY 28, 2017**

Appellant Raymond Craig appeals from the January 15, 2016 order of

the Court of Common Pleas of Philadelphia County, which denied his request

for collateral relief under the Post Conviction Relief Act (the "Act"), 42

Pa.C.S.A. §§ 9541-46.  Upon review, we affirm.

The facts and procedural history underlying this appeal are

undisputed.  As a prior panel of this Court recounted on Appellant's direct

appeal:

> On July 29-30, 2009, this court conducted a jury trial.  The victim Modibo Ballo ("Ballo") testified first for the Commonwealth.  Ballo testified that on September 23, 2007, in the early morning hours, he was inside his home at 1017 South 55th Street in the city of Philadelphia.  Ballo stated that he had lived in this house since June 2007.  He stated that he was making repairs and was in the process of purchasing the home. Ballo stated that he had a sofa, entertainment center, and six speakers in his living room.  On the morning of September 23, 2007, he went downstairs and found his front door open and discovered that two speakers and one amp were missing from his living room.  He called 911 and then looked out the front

door and saw that the basement window was broken. He immediately went into the basement to check on his newly installed heating system. When he came back upstairs, he saw Appellant inside his home in the living room. Ballo stated that Appellant ran out the front door and that he ran after Appellant and chased him several blocks. Ballo stated that Appellant grabbed a stick from the ground and began swinging it at him and then dropped the stick and started walking away. Ballo chased him again. He then grabbed Appellant, pulled him to the ground, and sat on top of him. As an onlooker called 911, Ballo testified that Appellant stated 'Let me go and I'll get you back your stuff.' Ballo then let Appellant stand up and the two men talked until the police arrived.

Police Officer Charles Vallette ("Vallette") testified next for the Commonwealth. He stated that he had worked for the Philadelphia Police Department for seven years and had been assigned to the 18th District for the entirety of those seven years. He testified that on September 23, 2007 he was assigned to the burglary detail unit and worked the 8 am to 4 pm shift. Immediately after starting work, Vallette stated that he received a radio call that two males were fighting on the highway at 52nd and Baltimore. Vallette arrived at the scene approximately one minute later and saw two males with their hands on each other. When he approached the two men, he stated that Appellant tried to walk away but Vallette requested that he 'sit tight' and Appellant complied. After Vallette talked to Ballo, he placed Appellant in the back of his patrol car. Vallette then began to take down information to prepare a police report. Vallette testified that Appellant stated that he thought the place was abandoned at least three times.

Police Office Michael Nuassner ("Naussner") testified next for the Commonwealth. He stated that he had worked for the Philadelphia Police Department for three years and had worked in the 18th District for two years. Naussner testified that he responded to a radio call for backup on September 23, 2007 around 8 am. When he arrived at 52nd and Baltimore, he stated that Appellant and Ballo were arguing and that Appellant was shirtless, sweating, and yelling. Ballo told police that Appellant had broken into his home, while Appellant screamed that he thought the house was abandoned. After Appellant was frisked and placed in the patrol car, Naussner stayed with him. Naussner testified that Appellant told him, 'There was a piece of wood on the basement window and I went into it, and I thought the house was abandoned.' Naussner then went to Ballo's home with Ballo to examine the property. He stated that the front door was wide open but he thought the place looked inhabited and was in decent condition.

*Commonwealth v. Craig*, No. 3626 EDA 2009, unpublished memorandum, at 1-3 (Pa. Super. filed July 26, 2011) (internal citation and quotation marks omitted). Appellant subsequently was charged and convicted by a jury of burglary under Section 3502 of the Crimes Code, 18 Pa.C.S.A. § 3502, and sentenced to 10 to 20 years' imprisonment. Appellant timely appealed to this Court. We affirmed his judgment of sentence, concluding, *inter alia*, that the evidence was sufficient to establish that Appellant entered Ballo's house with the intention of committing theft. Appellant did not file a petition for allowance of appeal with our Supreme Court.

On July 18, 2012, Appellant *pro se* filed a PCRA petition. The PCRA court appointed counsel, who filed an amended PCRA petition, raising two ineffectiveness claims. Specifically, Appellant argued that his trial counsel was ineffective for failing to (1) challenge the weight of the evidence before the trial court and (2) request a lesser included charge of criminal trespass. On January 15, 2016, following a Pa.R.Crim.P. 907 notice, the PCRA court denied Appellant relief for want of merit. Appellant timely appealed to this Court.

On appeal,[1] Appellant repeats the same two ineffectiveness claims that he raised before the PCRA court. After careful review of the record and the

_____

[1] "On appeal from the denial of PCRA relief, our standard of review requires us to determine whether the ruling of the PCRA court is supported by the record and free of legal error." *Commonwealth v. Widgins*, 29 A.3d 816, 819 (Pa. Super. 2011).

relevant case law, we conclude that the PCRA court accurately and thoroughly addressed the merits of Appellant's claims. **_See_** PCRA Court Rule 1925(a) Opinion, 2/10/16, at 4-10. Accordingly, we affirm the PCRA court's January 15, 2016 order. We further direct that a copy of the PCRA court's February 10, 2016 Rule 1925(a) opinion be attached to any future filings in this case.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/28/2017



FILED

FEB 1 0 2016

Criminal Appeals Unit
First Judicial District of PA

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

COMMONWEALTH     :     CP-51-CR-0011797-2007

    :

vs.     :

    :

    :     SUPERIOR COURT
RAYMOND CRAIG     :     254 EDA 2016

BRINKLEY, J.     FEBRUARY 10, 2016

## OPINION

Defendant Raymond Craig filed a petition for relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. § 9541 *et seq*. (eff. Jan. 16, 1996), raising a claim based upon ineffective assistance of counsel. After independent review of Defendant's *pro se* petition, PCRA Counsel's amended petition, and the Commonwealth's motion to dismiss, this Court dismissed Defendant's petition based upon a lack of merit. Defendant appealed the dismissal of his petition to the Superior Court. The sole issue in this opinion is whether this Court properly dismissed Defendant's petition without a hearing as being without merit. This Court's decision should be affirmed.

## PROCEDURAL HISTORY AND FACTS

On September 23, 2007, Defendant was arrested and charged with burglary and simple assault. From July 29 to 30, 2009, a jury trial was held in the presence of this Court. Defendant was represented at trial by John Konchak, Esquire. The Commonwealth called the complainant,

1

Modibo Ballo ("Ballo") as its first witness. Ballo testified that, on the morning of September 23, 2007, he was at his home on 1017 South 55th Street when he went downstairs and noticed that his front door was open and two speakers and an amplifier were missing from his living room. Ballo further testified that he had lived at that house since June 2007 and was in process of making repairs to the house. Ballo stated that he looked out the front door and saw that the window to his basement was broken, so he went to the basement to check on his newly installed heating system. Ballo further stated that, when he came back upstairs, he saw Defendant in his living room and Defendant subsequently fled the house. Ballo testified that he chased Defendant down the street, and was eventually able to grab Defendant, pull him to the ground and sit on top of him. Ballo further testified that, as an onlooker called 911, Defendant stated to him, "Let me go and I'll get you back your stuff." (N.T. 7/29/2009 p. 46-79).

The Commonwealth called Officer Charles Vallette ("Vallette") as its next witness. Vallette testified that he had worked as a Philadelphia Police Officer in the 18th District for 7 years. Vallette further testified that, shortly after starting his shift on September 23, 2007, he received a radio call that two males were fighting on the highway at 52nd and Baltimore. Vallette stated that he arrived at the scene approximately a minute later and, when he approached the two men, Defendant tried to walk away but Vallette told him to stay. Vallette further stated that he spoke to Ballo and then arrested Defendant. Vallette testified that Defendant stated at least three times that he thought the house was abandoned while in his presence. (N.T. 7/30/2009 p. 4-25).

The Commonwealth called Officer Michael Naussner ("Naussner") as its next witness. Naussner testified that he had been a Philadelphia Police Officer for 3 years and had been assigned to the 18th District for 2 years. Naussner further testified that, at approximately 8 a.m. on September 23, 2007, he responded to a radio call for backup and, when he arrived at 52nd and

2

Baltimore, he observed Defendant and Ballo arguing. Naussner stated that Ballo told police that Defendant had broken into his home while Defendant stated that he thought the house was abandoned. Naussner further stated that he accompanied Ballo back to his residence and that Ballo's house looked inhabited and in decent condition. Naussner testified that, after Defendant had been frisked and placed in the patrol car, Defendant told him that he had entered Ballo's house through the basement window. Id. at 47-55. After Naussner testified, the Commonwealth and the defense rested.

On July 31, 2009, the jury found Defendant guilty of burglary but deadlocked on the simple assault charge, which was subsequently *nolle prossed* by the Commonwealth. At that time, the Commonwealth stated its intention to seek application of the mandatory second strike provisions at sentencing. On November 24, 2009, this Court sentenced Defendant to a mandatory minimum sentence of 10 to 20 years state incarceration. On December 16, 2009, Defendant filed a Notice of Appeal to the Superior Court. On May 7, 2010, upon receipt of the complete notes of testimony, this Court ordered appellate counsel to file a Concise Statement of Errors pursuant to Pa.R.A.P. 1925(b). On June 1, 2010, appellate counsel filed the Concise Statement of Errors and raised two claims on appeal: (1) Whether the evidence was sufficient to find Defendant guilty of burglary, and (2) Whether this Court erred by imposing a second strike sentence. On July 30, 2010, this Court filed its opinion in the matter. On July 26, 2011, the Superior Court affirmed the judgment of sentence. Defendant subsequently did not file a Petition for Allowance of Appeal with the Supreme Court of Pennsylvania.

On July 18, 2012, Defendant filed a *pro se* petition for relief pursuant to the PCRA. On June 18, 2013, Peter A. Levin, Esquire, was appointed as PCRA counsel. On February 8, 2015, Mr. Levin filed an amended petition, raising a claim of ineffective assistance of counsel based

3

upon trial counsel's failure to file a post-sentence motion that the verdict was against the weight of the evidence and failure to request a lesser included offense jury instruction on criminal trespass. On July 3, 2015, the Commonwealth filed a motion to dismiss. On December 14, 2015, this Court sent Defendant a notice pursuant to Rule 907, indicating that his petition would be dismissed based upon a lack of merit. Defendant did not file a response to the 907 notice. On January 15, 2016, after independent review of Defendant's *pro se* petition, PCRA Counsel's amended petition, and the Commonwealth's motion to dismiss, this Court dismissed Defendant's petition based upon a lack of merit. On January 27, 2016, PCRA counsel filed a Notice of Appeal to the Superior Court.

## ISSUES

I.      **WHETHER THIS COURT PROPERLY DISMISSED DEFENDANT'S PETITION WITHOUT A HEARING AS BEING WITHOUT MERIT.**

## DISCUSSION

I.      **THIS COURT PROPERLY DISMISSED DEFENDANT'S PETITION WITHOUT A HEARING AS BEING WITHOUT MERIT.**

This Court properly dismissed Defendant's petition without a hearing as being without merit. When reviewing the denial of PCRA relief, the appellate court's review is limited to determining whether the PCRA court's findings are supported by the record and without legal error. Commonwealth v. Edmiston, 619 Pa. 549, 65 A.3d 339, 345 (2013) (citing Commonwealth v. Breakiron, 566 Pa. 323, 781 A.2d 94, 97 n. 4 (2001)). The court's scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in light most favorable to the prevailing party. Commonwealth v. Fahy, 598 Pa. 584, 959 A.2d 312, 316 (2008) (citing Commonwealth v. Duffey, 585 Pa. 493, 889 A.2d

4

56, 61 (2005)). The burden is on the petitioner in the PCRA petition to demonstrate by a preponderance of the evidence that he or she is eligible for PCRA relief. 42 Pa.C.S.A § 9543.

To establish trial counsel's ineffectiveness, a petitioner must demonstrate: (1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for the course of action or inaction chosen; and (3) counsel's action or inaction prejudiced the petitioner. Commonwealth v. Freeland, 2014 PA Super 274, 106 A.3d 768, 775 (2014) (citing Commonwealth v. Pierce, 515 Pa. 153, 527 A.2d 973 (1987)). A PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. Id. (citing 42 Pa.C.S. § 9543(a)(2)(ii)). Counsel's assistance is deemed constitutionally effective once the court determines that the defendant has not established any one of the prongs of the ineffectiveness test. Id. (citing Commonwealth v. Rolan, 964 A.2d 398, 406 (Pa.Super.2008)). To establish prejudice, the defendant must show that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or inaction. Commonwealth v. Davido, 106 A.3d 611, 621 (Pa. 2014) (citing Commonwealth v. Williams, 587 Pa. 304, 899 A.2d 1060, 1064 (2006)).

1.   **Trial counsel was not ineffective for failing to file a post-sentence motion that the verdict was against the weight of the evidence.**

Trial counsel was not ineffective for failing to file a post-sentence motion that the verdict was against the weight of the evidence. If counsel fails to raise an issue in post-verdict motions or on appeal, he is deemed to be ineffective only if the issue is of arguable merit. Commonwealth v. Franklin, 2003 PA Super 165, 823 A.2d 906, 908 (2003) (citing Commonwealth v. Wilkerson, 490 Pa. 296, 416 A.2d 477 (1980)). This is so because an accused has no absolute right to raise

5

baseless claims and counsel cannot be faulted for not advancing issues which will not at least arguably obtain some relief for the accused. Id. In Commonwealth v. Luster, the Superior Court held that trial counsel was not ineffective for failing to raise a post-sentence challenge to the weight of the evidence when trial counsel indicated that he believed the issue at trial involved a misapplication of the law by the jury rather than a misapprehension of the facts and therefore filed a post-sentence motion challenging the sufficiency of the evidence rather than the weight of the evidence. *See* Commonwealth v. Luster, 2013 PA Super 204, 71 A.3d 1029, 1049. Moreover, the PCRA court determined that even if the claim had been raised, it would have found that "the jury's verdict was not so contrary to the evidence as to shock one's sense of justice" and that it "would not have granted a new trial on a weight of the evidence argument." Id.

Under Pennsylvania law, a weight of the evidence claim concedes that the evidence was sufficient to sustain the verdict. Commonwealth v. Lyons, 622 Pa. 91, 79 A.3d 1053, 1067 (2013) (citing Commonwealth v. Widmer, 560 Pa. 308, 744 A.2d 745, 751-52 (2000)). The weight of the evidence is "exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses." Luster, 71 A.3d at 1049 (quoting Commonwealth v. Champney, 574 Pa. 435, 832 A.2d 403, 408 (2003)). A verdict is not contrary to the weight of the evidence because of a conflict in testimony or because the reviewing court on the same facts might have arrived at a different conclusion than the fact-finder. Commonwealth v. Morales, 91 A.3d 80, 91 (Pa. 2014) (quoting Commonwealth v. Tharp, 574 Pa. 202, 830 A.2d 519, 528 (2003)). Rather, a new trial is warranted only when the jury's verdict is so contrary to the evidence that it shocks one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail. Id.

6

In the case at bar, Defendant claims that trial counsel was ineffective for failing to file a post-sentence motion to preserve a weight of the evidence claim on appeal. However, as the underlying claim is without merit, Defendant's ineffectiveness claim is likewise without merit. Specifically, there was an overwhelming amount of credible evidence presented at trial which implicated Defendant in the burglary of Ballo's residence. Ballo testified that he awoke on the morning of September 23, 2007 to find his front door open and his stereo and amplifier missing. Ballo further testified that he went to his basement to check on his newly installed heating system after seeing that the basement window was broken and, when he came back upstairs, he saw Defendant in his living room. Ballo stated that Defendant subsequently fled from the living room and he chased him down the street. Ballo further stated that, after he caught Defendant and an onlooker phoned 911, Defendant stated to him, "let me go and I'll get you back your stuff." Vallette testified that Defendant repeatedly claimed that he thought the property was abandoned. However, Naussner testified that he accompanied Ballo back to his residence and thought the place looked inhabited and in decent condition. Naussner further testified that Defendant told him he had entered the property through the basement window. Thus, the jury heard substantial credible evidence that Defendant entered Ballo's property while Ballo was present with the intention of committing a theft therein. Moreover, the jury heard evidence which rendered Defendant's claims that he thought the property was abandoned incredible. Consequently, it cannot be said that the verdict was so contrary to the evidence presented at trial so as to shock one's sense of justice. Therefore, as the verdict was not against the weight of the evidence, trial counsel could not have been ineffective for failing to file a post-sentence motion challenging the weight of the evidence.

7

**2. Trial counsel was not ineffective for failing to request a lesser-included offense jury instruction on criminal trespass.**

Trial counsel was not ineffective for failing to request a lesser included offense jury instruction on criminal trespass. A lesser-included offense is a crime having elements of which are a necessary subcomponent of elements of another crime, the greater offense. The elements in the lesser-included offense are all contained in the greater offense; however, the greater offense contains one or more elements not contained in the lesser-included offense. Commonwealth v. Kelly, 2014 PA Super 243, 102 A.3d 1025, 1032 (2014) (quoting Commonwealth v. Reese, 725 A.2d 190, 191 (Pa.Super.1999)). If two crimes each require proof of at least one element that the other does not, then the crimes are not greater and lesser included offenses. Commonwealth v. Evans, 2006 PA Super 132, 901 A.2d 528, 536-37 (2006) (citing Commonwealth v. Thomas, 879 A.2d 246, 263 (Pa.Super.2005. Criminal trespass contains an element of knowledge—a person committing that offense must know he is not privileged to enter the premises. Burglary has no such knowledge requirement. Commonwealth v. Quintua, 2012 PA Super 219, 56 A.3d 399, 402 (2012). Burglary does, however, require intent to commit a crime within the premises, an element that criminal trespass lacks. Id. Trial counsel cannot be ineffective for failing to request a lesser included charge instruction of criminal trespass because criminal trespass is not a lesser included offense of burglary. Commonwealth v. Harrison, 444 Pa.Super. 103, 663 A.2d 238, 238-39 (1995).

In the case at bar, Defendant claimed that trial counsel was ineffective for failing to request an instruction for a lesser included charge of criminal trespass. As the Superior Court reiterated in Quintua, criminal trespass is not a lesser included offense of burglary, as each offense requires proof of an element the other does not. Consequently, Defendant's claim that trial counsel was ineffective for failing to request a lesser included offense instruction for

8

criminal trespass was without merit as criminal trespass is not a lesser included offense of burglary.

Even if trespass was a lesser included offense of burglary, Defendant was not prejudiced by trial counsel's failure to request a lesser included offense instruction as the evidence was more than sufficient to find Defendant guilty of burglary. As previously discussed, Ballo awoke on the morning of September 23, 2007 to find his front door open and his stereo and amplifier missing. After seeing that his basement window was broken, Ballo went to his basement to check on his newly installed heating system and, when he came back upstairs, he saw Defendant in his living room. Ballo then chased Defendant down the street and, after he caught him, Defendant stated to him, "let me go and I'll get you back your stuff." Moreover, after he was placed in the patrol car, Defendant told Naussner that he had entered Ballo's property through the basement window. Thus, the Commonwealth presented sufficient evidence at trial to show that Defendant entered an occupied structure where an individual was present with the intent to commit theft therein. Therefore, Defendant was not prejudiced by trial counsel's failure to request a lesser included offense instruction as the evidence was more than sufficient to find Defendant guilty of burglary.

## CONCLUSION

After review of the applicable case law, testimony and statutes, this Court committed no error. Defendant's PCRA petition was properly dismissed without a hearing as being without merit. Accordingly, this Court's decision should be affirmed.

BY THE COURT:

_____ J.

10