J-S08003-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LARRY EUGENE SMITH | : | |
| | : | No. 1944 WDA 2016 |
| Appellant | | |

Appeal from the Judgment of Sentence January 14, 2016
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0001518-2013

BEFORE:   LAZARUS, J., KUNSELMAN, J., and STEVENS*, P.J.E.

MEMORANDUM BY LAZARUS, J.:                       **FILED JULY 10, 2018**

Larry Eugene Smith appeals, *nunc pro tunc* and *pro se*,[1] from his

judgment of sentence, entered in the Court of Common Pleas of Blair County,

_____

[1] By Order filed April 7, 2017, and upon consideration of Smith's "Petition Requesting Remand for **Grazier** Hearing," this Court remanded this matter to the trial court to conduct a colloquy pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998), to determine whether Smith's request to proceed *pro se* was knowing, voluntary and intelligent.  Following a hearing held on May 12, 2017, the trial court issued an order permitting Smith to proceed *pro se*.

After the record was returned to this Court, we again remanded the record to the trial court with instructions to issue an order directing Smith to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal and, thereafter, to file a Rule 1925(a) opinion addressing the issues raised by Smith in his concise statement.  **See Commonwealth v. Smith**, 1944 WDA 2016 (Pa. Super. filed 12/9/16) (unpublished memorandum).  The trial court complied with our directive and the parties filed new briefs.  The matter is now ripe for disposition on the merits.

_____

*   Former Justice specially assigned to the Superior Court.

after a jury convicted him of two counts of driving under the influence ("DUI") and one count of accident involving damage to attended vehicle/property.[2] Upon review, we affirm.

In the early morning hours of January 9, 2013, Police Corporal Scott Douglas was on patrol in an unmarked cruiser in the City of Altoona. Corporal Douglas had just turned north onto Nineteenth Street when a silver Chevrolet Impala "shot out" in front of him from an alleyway. N.T. Trial, 10/29/15, at 46. Corporal Douglas's vehicle hit the Impala on the driver's side. As he did so, he made eye contact with Smith, who was driving the Impala. Smith then pulled away, drove over a snowbank, and turned and drove away in a southerly direction on Nineteenth Street. Corporal Douglas turned his vehicle around, activated his lights and pursued the Impala. Smith pulled to the side of the road when he observed the police lights.

Altoona Police Lieutenant Joseph M. Cox arrived on the scene shortly after the incident had occurred and approached Smith's vehicle. When Smith was removed from the vehicle by EMTs, Lieutenant Cox smelled the odor of burnt marijuana on Smith's person. Smith was transported to the Altoona Regional Hospital, where he was interviewed by Sergeant William Gibbons. Smith told Sergeant Gibbons that he was a marijuana user, but that he had

---

[2] 75 Pa.C.S.A. §§ 3802(d)(1)(i) and (ii) and 75 Pa.C.S.A. § 3743(a). Smith was also convicted of the following summary offenses: two counts of driving while license is suspended (alcohol related), 75 Pa.C.S.A. § 1543(b); driving at unsafe speed, 75 Pa.C.S.A. § 3361; and emerging from alley, driveway or building, 75 Pa.C.S.A. § 3344.

not used the drug on that day. However, Smith told Sergeant Gibbons that "he thought [m]arijuana would show up in his system . . . it [was] his understanding that [m]arijuana, the chemical substances, linger[s] in the fat cells of the body, and he said that I am a chubby guy and so you will probably find it in my system." *Id.* at 31. Smith's blood was drawn at the hospital and subsequent testing showed the presence of 58 nanograms per milliliter of Oxycodone, a Schedule II narcotic, as well as 11 nanograms per milliliter of Delta-9-THC and 32 nanograms per milliliter of Delta-9-Carboxy-THC. *See id.* at 101. The latter two substances are metabolites of marijuana and Schedule I controlled substances. The amount of Delta-9-THC in Smith's blood indicated that he had used the drug within two hours of the collection time. *See id.* at 102.

Smith was tried before a jury on October 29, 2015 and convicted of the above-enumerated offenses. On January 14, 2016, Smith was sentenced to an aggregate term of 3½ to 6 years' incarceration. Smith did not file post-sentence motions or an appeal. His appellate rights were reinstated, *nunc pro tunc*, after Smith filed a petition under the Post Conviction Relief Act.[3] Following two remands to the trial court, *see supra* note 1, Smith's appeal is ripe for disposition.

Smith raises the following claims for our review:

---

[3] 42 Pa.C.S.A. §§ 9541-9546.

> 1. Whether [Smith's] conviction under [section] 3802(d)(1)(i) should be vacate[d] because [Smith's] blood test was positive for metabolite [of] marijuana[,] which should have been charged under [section] 3802(d)(1)(iii)?
>
> 2. Whether [Smith's] conviction under [section] 3802(d)(1)(ii) should be vacated because the [C]ommonwealth did not meet [its] burden of prov[ing] that the substance was not medically prescribed?

Brief of Appellant, at 5.

Smith first asserts that his conviction under section 3802(d)(1)(i) must be vacated because he should have been charged under section 3802(d)(1)(iii). Subsection (i) prohibits a person from driving where his blood contains any amount of a Schedule I controlled substance, in this case, marijuana. Subsection (iii) prohibits the operation of a motor vehicle if one's blood contains metabolite of a Schedule I controlled substance. Smith claims that, because the evidence showed only that he had metabolite of marijuana in his blood, rather than marijuana itself, and because the Commonwealth never moved to amend the criminal information to include the appropriate charge, his conviction should be reversed.

Prior to addressing the substance of Smith's appeal, we must determine whether he properly preserved the issue. The failure to make a timely and specific objection before the trial court at the appropriate stage of the proceedings will result in waiver of the issue for appellate purposes. *Commonwealth v. Houck*, 102 A.3d 443, 451 (Pa. Super. 2014). *See also Commonwealth v. Shamsud-Din*, 995 A.2d 1224 (Pa. Super. 2010) (failure

to object to jury instruction fatal to claim that trial court erred in charge to jury).

In this case, the trial court instructed the jury with regard to the marijuana offense as follows:

> BY THE COURT:  Now with regard to the [f]irst [o]ffense, DUI Controlled Substance Schedule I Controlled Substance.  To find the [d]efendant guilty of [DUI] of this offense, you must be satisfied that the following two elements have been proven by the Commonwealth beyond a reasonable doubt.  First, that the [d]efendant drove, operated, or was in actual physical control of the movement of the vehicle upon a highway or traffic way.  And second, that the [d]efendant drove, operated, or was in actual physical control of the vehicle at that time the [d]efendant's blood contained any amount of a Schedule I Controlled Substance.  Now, **I charge you ladies and gentlemen that Delta-9 is a metabolite of a Schedule I Controlled Substance and the substance contained in the blood is either the controlled substance or the metabolite of that controlled substance**, here a Schedule I Controlled Substance.
>
> . . .
>
> SIDEBAR
>
> BY THE COURT:  To the Commonwealth, is there any objection to the charge?
>
> BY ATTORNEY FREED:  No, Your Honor.
>
> BY THE COURT:  **And does the defense have an objection to the Charge?**
>
> BY ATTORNEY CLARK:  **No, Your Honor**.

N.T. Jury Charge, 10/29/15, at 121-122, 130 (emphasis added).

Although the trial court clearly charged the jury that they could find him guilty of the Schedule I offense if they found either marijuana **or** its metabolite to have been present in his blood, defense counsel did not object to the

charge. Because Smith failed to make a timely and specific objection to the court's jury instruction, he has waived this claim on appeal.[4] **Houck**, **supra**.

Smith's second and final appellate claim is that the evidence was insufficient to support his conviction under section 3802(d)(1)(ii), DUI Schedule II controlled substance, because the Commonwealth failed to prove that he was not in possession of a prescription for oxycodone. This claim is meritless.

Section 3802(d)(1)(ii) provides, in relevant part, as follows:

---

[4] Even if Smith had not waived this claim, he would be entitled to no relief. It is well-settled that a defendant can be convicted of a crime that was not actually charged when the uncharged offense is a lesser-included offense of the charged crime. **Houck**, 102 A.3d at 450-51. "As long as the conviction is for a lesser-included offense, the defendant will have been put on notice of the charges against him and can adequately prepare a defense." **Commonwealth v. Reese**, 725 A.2d 190-191 (Pa. Super. 1999). Under the "statutory-elements" approach to determining what constitutes a lesser-included offense,

> the trial court is required to identify the elements of both the greater charge and the lesser charge and determine whether it is possible to commit the greater offense without committing the lesser offense. If it is not possible, then the lesser offense is considered a lesser-included offense of the greater crime.

**Commonwealth v. Sims**, 919 A.2d 931, 938 (Pa. 2007).

Here, it is obvious that one cannot have a metabolite of marijuana in one's system without first ingesting marijuana. Logically, we may conclude that a crime requiring proof of the by-product of a controlled substance would fall under a crime requiring evidence of the presence of the substance itself. Accordingly, subsection (iii) may be considered a lesser-included offense of subsection (i), and Smith was properly convicted under subsection (iii) despite having been charged under subsection (i).

(d) Controlled substances.--An individual may not drive, operate or be in actual physical control of the movement of a vehicle under any of the following circumstances:

(1) There is in the individual's blood any amount of a:

. . .

(ii) Schedule II or Schedule III controlled substance, as defined in The Controlled Substance, Drug, Device and Cosmetic Act, **which has not been medically prescribed for the individual**[.]

75 Pa.C.S.A. § 3802(d)(1)(ii) (emphasis added).

In *Commonwealth v. Sojourner*, 408 A.2d 1108 (1979), this Court addressed a similar claim under the Controlled Substance, Drug, Device and Cosmetic Act and held that, while the Commonwealth has the burden of **proving** every element of a criminal offense beyond a reasonable doubt, the burden of **going forward** with evidence of every aspect of a criminal offense need not rest on the Commonwealth from the outset. *See id.* at 1113. Rather, the prosecution may shift to the defendant the burden of production, in other words, the burden of going forward with sufficient evidence to justify a reasonable doubt on that issue. *See id.* at 1114. Accordingly, the Court concluded that, before the prosecution must disprove the defendant was authorized to possess narcotics, the defendant must establish some credible evidence of such authorization.[5]

_____

[5] The Court noted that "the [Controlled Substance, Drug, Device and Cosmetic Act] would be virtually unenforceable if the Commonwealth were obliged to disprove, in every case, every potential type of authorization to possess controlled substances which the [Act] recognizes." *Sojourner*, 408 A.2d at 1113. The same logic applies to section 3802(d)(1)(ii).

Accordingly, here, Smith was required to come forward with some proof that he possessed a prescription for oxycodone before the Commonwealth was required to disprove his authorization to possess the drug. Because Smith did not present any evidence that he possessed a valid prescription for oxycodone, the Commonwealth was not required to present evidence to disprove that element of the offense.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/10/2018