**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Michael C. LEACH, Sr., Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 19, 1999.
Filed April 8, 1999.

Steven V. Manbeck, Mifflintown, for appellant.

Ralph A. Germak, Asst. Dist. Atty., McAlisterville, for Com., appellee.

Before HUDOCK, J., CIRILLO, President Judge Emeritus, and TAMILIA, J.

TAMILIA, J.:

¶ 1 Michael C. Leach, Sr., appeals from his June 12, 1998 judgment of sentence of two and one-half (2½) to five (5) years' imprisonment followed by an eight (8) year term of probation. Following a May 1998 jury trial, appellant was found guilty of nine counts of stalking.[1] In addition, the court found appellant guilty of contempt for violation of a Protection From Abuse (PFA) Order [2] and nine counts of criminal mischief.[3]

¶ 2 On September 9, 1997, a PFA Order was entered prohibiting appellant "from physically abusing, menacing, harassing or stalking the [victim]". Within a five-month period of time, and while the PFA Order was in effect, appellant vandalized the victim's vehicle on nine separate occasions, flattening 13 tires and smashing 3 windshields. The first of the incidents occurred on September 15, 1997, only six days after issuance of the PFA Order.

¶ 3 Appellant raises the following challenges to his judgment of sentence.

A. Whether the sentence for a single count of Stalking imposed upon the [appellant] in the instant case should be vacated because said sentence was improper, unreasonable and illegally excessive, said impropriety being attributable to the sentencing court's total disregard of the applicable Sentencing Guidelines, resulting in a sentence thirty (30) times the standard Guideline range and seven and one-half (7½) times the aggravated

---

**1.** 18 Pa.C.S.A. § 2709, **Harassment and stalking**, (b) **Stalking.**

**2.** 23 Pa.C.S.A. § 6114, **Contempt for violation of order or agreement.**

**3.** 18 Pa.C.S.A. § 3304.

Guideline range, given the totality of factors underlying the case at bar? The lower court, in its Memorandum, while conceding the harshness of the sentence, justified its sentence by general references that the [appellant's] conduct was reprehensible and absolutely unacceptable.

B. Whether eight of nine Stalking convictions entered against the [appellant] should be vacated where the nine Stalking counts arise out of a single sequence of nine incidents directed toward a common goal, since only one "course of conduct" transpired rather than nine? The lower court, in its Memorandum, incorrectly asserts that the point is moot because the [appellant] was only sentenced on one Stalking count. (In point of fact, in addition to the major sentence on one count, the [appellant] received eight (8) consecutive one-year probationary sentences on the Stalking convictions here disputed, said sentences effectively increasing his maximum sentence from five (5) years to thirteen (13) years.)

(Appellant's Brief, at 3.)

¶ 4 We begin by examining appellant's challenge to eight of his nine stalking convictions based upon the argument all nine incidents amount to only one stalking offense. In pertinent part, section 2709 provides:

§ 2709.   **Harassment and stalking**

. . .

(b) **Stalking.**—A person commits the crime of stalking when he engages in a *course of conduct or repeatedly commits acts* toward another person, including following the person without proper authority, under circumstances which demonstrate either of the following:

(1) an intent to place the person in reasonable fear of bodily injury; or

(2) an intent to cause substantial emotional distress to the person.

(Emphasis added.)

¶ 5 In *Commonwealth v. Urrutia*, 439 Pa.Super. 227, 653 A.2d 706 (1995), *appeal denied*, 541 Pa. 625, 661 A.2d 873 (1995), this Court explained that "[c]ourse of conduct by its very nature requires a showing of a repetitive pattern of behavior." *Id.* 653 A.2d at 710. "The stalking statute is quite clear that engaging in *repetitive* conduct aimed at an individual evidencing an 'intent' to evoke 'substantial emotional distress' is prohibited conduct." *Commonwealth v. Schierscher*, 447 Pa.Super. 61, 668 A.2d 164, 172 (1995), *appeal denied*, 547 Pa. 715, 688 A.2d 171 (1997) (italics in original). Appellant argues his nine incidents of criminal mischief constitute repetitive acts in support of a single stalking conviction, not nine stalking convictions.

¶ 6 This Court had a recent opportunity to analyze the elements of stalking in *Commonwealth v. Reese*, 725 A.2d 190 (Pa.Super.1999). In determining that section 2709(a), **Harassment**, is a lesser-included offense of section 2709(b), **Stalking**, a panel of this Court opined the same conduct which amounts to harassment, "if committed repeatedly with the intent to place the victim in fear of bodily injury or cause substantial emotional distress would rise to the level of stalking." *Id.* at 191.

¶ 7 Course of conduct is established by proof of two related but separate events. For purposes of the stalking statute, course of conduct is a "pattern of actions composed of more than one act over a period of time, however short, evidencing a continuity of conduct." Section 2709(f), **Definitions**.

¶ 8 The elements of stalking are not established until the occurrence of a second prohibited act and any additional

acts extend the course of conduct. These additional acts, *in conjunction with the prior acts,* also create a new "course of conduct" and are, by definition, stalkings. In *Commonwealth v. Roefaro,* 456 Pa.Super. 588, 691 A.2d 472 (1997), the appellant was convicted of three counts each of harassment and stalking. Roefaro had sent two letters to the victim and, on a third occasion, left various items on the porch of a family member of the victim. The number of stalkings for which Roefaro was convicted is equal to the number of stalking acts he committed. While the validity of multiple stalking convictions was not at issue in *Roefaro, supra,* it may be inferred that the absence of discussion on this matter is due to the fact there is no error with respect to multiple convictions. In *Roefaro, supra,* the prosecution presented evidence of prior incidents of stalking of the victim by the defendant, for which the defendant previously had been convicted, in establishing course of conduct. So, too, in the present case, we look to the individual stalking acts of the appellant against the victim to establish course of conduct.

¶ 9 In the present case, we find stalking, as defined by the legislature, occurs with *each act involved in an established course of conduct,* and forms the basis for an independent charge. Each stalking, including the first, is a certifiable count, capable of sustaining a separate conviction and sentence. Each act, constituting the course of conduct leading to arrest and trial, is not merely cumulative evidence of stalking but a stalking in and of itself.[4] In the present case, the sentencing court imposed the term of incarceration with respect to the ninth and final incident of stalking, count 1 of the information, while imposing a sentence of probation on each of the preceding eight acts.

¶ 10 Videotape obtained from a surveillance camera indisputably established appellant's behavior on February 12, 1998 as he vandalized the victim's vehicle, i.e. slashed the tires and smashed the windshield. The eight prior incidents of slashing the tires and smashing the windshields each created fear and apprehension on the part of the victim in addition to having a terrorizing psychological effect. Having established the course of conduct, each act must carry with it a commensurate penalty, for the effect of treating all as a single crime would be to denigrate the total chronic and repetitive imposition of harm with its debilitating progression into perpetual fear and immobility.

¶ 11 This course of conduct can be analogized to repetitive drug sales, which are a course of conduct which frequently results in a single prosecution on the multiple charges, each sale being a count in the complaint. A conviction and sentence may be imposed as to each count as each sale constitutes a violation of the law and an attack on the well-being of society and the victimization of the purchaser. Each sale is, therefore, subject to an individual penalty.

¶ 12 Based upon the foregoing analysis, we find appellant was properly convicted of nine acts of stalking. Each time a stalker commits an act, as part of an established course of conduct, under circumstances demonstrating an intent to place the victim in fear of bodily injury or to cause the victim substantial emotional

---

4. Upon examination of 18 Pa.C.S.A. § 2709, **Harassment and stalking,** (b) **Stalking,** in comparison with several other states' stalking statutes, it is apparent the validity of multiple stalking convictions need not be challenged where the statute unambiguously defines the offense as one committed with each and every act of stalking. Our legislature, therefore, may wish to consider amending the statute in order to make clear its intent to hold stalkers accountable for each stalking offense they commit and to expand the course of conduct to include multiple victims in addition to multiple offenses.

distress, the fear and emotional distress increases. The repetitiveness of stalking acts is indicative of the defendant's unrelenting obsession with the victim and often reveals an escalation of violence. For these reasons, it is essential that each stalking act, which is included in an established course of conduct, be a separate offense, punishable with an individual sentence. Accordingly, the judgments of sentence of one year probation with respect to each of the first eight acts of stalking, are hereby affirmed.

¶ 13 In addition, appellant challenges the 2½ to 5 year term of imprisonment imposed for his February 12, 1998 stalking act. Generally, sentencing is a matter within the sound discretion of the sentencing court and this Court will not disturb a sentence unless it is outside the statutory limits or manifestly excessive so as to inflict too severe a punishment. *Commonwealth v. Philipp*, 709 A.2d 920 (Pa.Super.1998). Pursuant to 18 Pa.C.S.A. § 2709, **Harassment and stalking**, (c) **Grading** (2)(i), appellant's stalking offenses are misdemeanors of the first degree. As first degree misdemeanors, these offenses have a statutory maximum of 5 years, 18 Pa.C.S.A. § 1104, **Sentence of imprisonment for misdemeanors,** and a minimum of no more than 2 ½ years. 42 Pa.C.S.A. § 9756, **Sentence of total confinement,** (b) **Minimum sentence.** Appellant's 2½ to 5 year term of imprisonment, therefore, reflects the statutory limit and does not constitute an illegal sentence. Moreover, as appellant received a sentence of imprisonment for only one of his stalking convictions, his sentence hardly can be said to be manifestly excessive despite exceeding the aggravated range of the sentencing guidelines. The Court made clear on the record that it was departing from the guidelines with respect to the one stalking conviction for which imprisonment was imposed (S.T., 6/12/98, at 17–19). Had the sentencing court chosen to impose a sentence within the aggravated range, appellant would have received a four-month minimum term of imprisonment for each of the nine stalking convictions. *Id.* at 17. The result would have been an aggregate *minimum term of 3 years.* Based upon the foregoing, we find no merit in appellant's argument his sentence was excessive.

¶ 14 Judgment of sentence is affirmed.

¶ 15 Concurring and Dissenting Statement by HUDOCK, J.

HUDOCK, J., Concurring and Dissenting.

¶ 1 While I concur with most of the opinion of the majority, I must respectfully dissent from that portion which finds that the first act of criminal mischief constitutes stalking. As the majority notes "The elements of stalking are not established until the occurrence of a second prohibited act...." (Majority Opinion at 611–12.) I believe that the first act of vandalism, in itself not sufficient to amount to stalking, cannot rise to stalking because of subsequent events. It is either criminal when it is done or it is not. Subsequent events cannot make criminal an act which is not illegal at the time it is committed.

¶ 2 I would vacate the judgment of sentence arising from the first act of vandalism and affirm the remainder of the sentence.