J-A03039-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

IN THE INTEREST OF: J.R., A MINOR     :     IN THE SUPERIOR COURT OF
    :         PENNSYLVANIA
    :
    :
APPEAL OF: J.R.     :         No. 3300 EDA 2014

Appeal from the Dispositional Order October 22, 2014
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-JV-0000799-2014

BEFORE: GANTMAN, P.J., MUNDY J., and DUBOW, J.

MEMORANDUM BY GANTMAN, P.J.:         **FILED March 21, 2016**

Appellant, J.R., appeals from the dispositional order entered in the

Lehigh County Court of Common Pleas, following his adjudication of

delinquency for stalking and indecent assault.[1] We affirm.

The juvenile court fully and correctly set forth the relevant facts of this

case as follows:

> In September 2014, while in physical education class at
> the Roberto Clemente Charter School, located in the City
> of Allentown, Lehigh County, Pennsylvania, S.C., a thirteen
> year old female, felt the [j]uvenile, [Appellant], use two
> hands to grab her buttocks. She had not given him
> permission to do so.
>
> On a separate day following the incident in gym class,
> while walking in the hallway at Robert Clemente, S.C.
> again felt [Appellant] grab her buttocks using one hand.
> She did not give [Appellant] permission to do so. The next
> day, S.C. wrote [Appellant] a classroom note, asking him
> why he had grabbed her buttocks. [Appellant] wrote her
> back, stating that he had grabbed her buttocks because he

---

[1] 18 Pa.C.S.A. §§ 2709.1(a)(1) and 3126(a)(1), respectively.

wished to scare her. S.C. reported the incidents to the school counselor.

(Juvenile Court Opinion, filed March 11, 2015, at 2-3). On October 22, 2014, the court conducted a hearing and adjudicated Appellant delinquent for the offenses of stalking and indecent assault. That same day, the court entered a dispositional order placing Appellant on probation for an indefinite period. Appellant filed a timely notice of appeal on November 21, 2014. On November 25, 2014, the court ordered Appellant to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b). After the court granted an extension, Appellant timely complied.

Appellant raises the following issues for our review:

> WHETHER THE EVIDENCE PRESENTED AT THE TIME OF THE ADJUDICATION HEARING WAS SUFFICIENT TO PROVE THAT APPELLANT INTENDED TO PLACE ANOTHER PERSON IN REASONABLE FEAR OF BODILY INJURY AND/OR THAT APPELLANT INTENDED TO CAUSE SUBSTANTIAL EMOTIONAL DISTRESS TO ANOTHER PERSON?

> WHETHER THE EVIDENCE PRESENTED AT THE TIME OF THE ADJUDICATION HEARING WAS SUFFICIENT TO PROVE THAT APPELLANT'S CONTACT WITH THE COMPLAINANT WAS FOR THE PURPOSE OF AROUSING SEXUAL DESIRE IN HIM OR THE COMPLAINANT?

(Appellant's Brief at 8).

In his first issue, Appellant argues it is unclear whether S.C.'s note (and Appellant's response to it) referred to **both** incidents where Appellant grabbed S.C.'s buttocks. Appellant contends the evidence does not indicate how far apart the two incidents occurred. Appellant asserts the

Commonwealth's evidence was insufficient to prove Appellant engaged in a "course of conduct" under the stalking statute. Appellant further claims each act occurred in a crowded, public setting. Appellant concedes he said he grabbed S.C. to "scare" her but claims that concession failed to show Appellant intended to place S.C. in fear of bodily injury or to cause her substantial emotional distress. Appellant concludes the evidence was insufficient to support his adjudication of delinquency for stalking. We disagree.

The following principles of review apply to a challenge to the sufficiency of evidence:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Jones***, 874 A.2d 108, 120-21 (Pa.Super. 2005)

(quoting **Commonwealth v. Bullick**, 830 A.2d 998, 1000 (Pa.Super. 2003)).

The Crimes Code defines the offense of stalking in relevant part as follows:

> **§ 2709.1. Stalking**
>
> **(a) Offense defined.—**A person commits the crime of stalking when the person either:
>
>> (1) engages in a course of conduct or repeatedly commits acts toward another person, including following the person without proper authority, under circumstances which demonstrate either an intent to place such other person in reasonable fear of bodily injury or to cause substantial emotional distress to such other person[.]

18 Pa.C.S.A. § 2709.1(a)(1).  A "course of conduct" is "[a] pattern of actions composed of more than one act over a period of time, however short, evidencing a continuity of conduct."  18 Pa.C.S.A. § 2709.1(f).  "Course of conduct is established by proof of two related but separate events." **Commonwealth v. Leach**, 729 A.2d 608, 611 (Pa.Super. 1999). "Emotional distress" is defined as "[a] temporary or permanent state of mental anguish."  18 Pa.C.S.A. § 2709.1(f).  An intent to cause substantial emotional distress "may be inferred from the words or actions of the defendant in light of all attendant circumstances."  **Commonwealth v. D'Collanfield**, 805 A.2d 1244, 1249 (Pa.Super. 2002).

Instantly, Appellant grabbed S.C.'s buttocks during gym class and then again in the school hallway at a later date, each time without S.C.'s consent.

- 4 -

S.C. did not testify to the exact dates of each incident but it is evident from her testimony that the two incidents occurred close in time.[2]  Appellant committed the same act on each occasion.  Thus, the Commonwealth produced sufficient evidence that Appellant engaged in a course of conduct under the stalking statute.  *See* 18 Pa.C.S.A. § 2709.1(f); ***Leach, supra***. Further, Appellant admitted to S.C. he intended to scare her, and Appellant's repeated acts of grabbing an intimate part of S.C.'s body perturbed her to the point that she reported Appellant's behavior to a school counselor. Viewed in the light most favorable to the Commonwealth as verdict winner, the evidence was sufficient to sustain Appellant's delinquency adjudication for stalking.  *See* 18 Pa.C.S.A. § 2709.1(a)(1); ***D'Collanfield, supra***.

In his second issue, Appellant argues his acts were not clearly sexual in nature.  Appellant contends the act of grabbing another person's buttocks could be intended to annoy, tease, alarm, scare, or even congratulate another person, especially when the actor is a teenage boy.  Appellant asserts he grabbed S.C.'s buttocks on both occasions in a crowded school environment, not while they were alone or engaged in any intimate conduct. Appellant claims he did not hold onto S.C.'s buttocks for a substantial amount of time in either instance, and there was no other evidence that Appellant committed the acts for the purpose of arousing sexual desire in himself or S.C.  Appellant concludes the evidence was insufficient to support

---

[2] S.C. testified that the first incident occurred in September 2014.  The Commonwealth filed the delinquency petition on October 10, 2014.

his delinquency adjudication for indecent assault. We disagree.

The Crimes Code defines the crime of indecent assault in relevant part as follows:

> **§ 3126. Indecent assault**
>
> **(a) Offense defined.—**A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and:
>
> > (1) the person does so without the complainant's consent[.]

18 Pa.C.S.A. § 3126(a)(1). "Indecent contact" is defined as "[a]ny touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in any person." 18 Pa.C.S.A. § 3101. *See Commonwealth v. Evans*, 901 A.2d 528 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (holding evidence was sufficient to convict defendant of indecent assault where defendant wrapped his arms around victim and inserted his tongue into victim's mouth because act would not occur outside of context of sexual or intimate situation); *Commonwealth v. Capers*, 489 A.2d 879 (Pa.Super. 1985) (affirming defendant's conviction for indecent assault where evidence supported conclusion that defendant's conduct was motivated, at least in part, by intent to arouse or gratify sexual desire in himself or victim).

Instantly, Appellant grabbed S.C.'s buttocks without her consent on two separate occasions. Each time Appellant touched S.C., he specifically targeted and held onto an intimate part of her body. The evidence allowed a reasonable inference that Appellant repeatedly groped the same intimate area of S.C.'s body to do more than just startle her. Viewed in the light most favorable to the Commonwealth, the evidence was sufficient to conclude that Appellant had indecent contact with S.C. because he was motivated, at least in part, by a desire to arouse or gratify sexual desire in himself or S.C. *See* 18 Pa.C.S.A. § 3101; *Evans, supra*; *Capers, supra*. Therefore, Appellant's delinquency adjudication for indecent assault was supported by sufficient evidence. Accordingly, we affirm.

Dispositional order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/21/2016