J-S29020-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DANIEL J. BRINSKY | |
| Appellant | No. 1211 WDA 2015 |

Appeal from the Judgment of Sentence July 8, 2015
In the Court of Common Pleas of McKean County
Criminal Division at No(s): CP-42-SA-0000002-2015

BEFORE:  BENDER, P.J.E., PANELLA, J., and FITZGERALD, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED MAY 19, 2016**

Appellant, Daniel J. Brinsky, appeals from the judgment of sentence entered July 8, 2015, in the Court of Common Pleas of McKean County, following his conviction of the summary offense of harassment, 18 Pa.C.S.A. § 2709(a)(3). We affirm.

We take the facts of this case from the trial court's opinion.

> On the morning of October 28, 2014, Mr. Timothy Curry, an oil and gas inspector for the Department of Environmental Protection of PA, was traveling on Chapel Fork Road heading towards Route 59 when he encountered [Appellant]. [Appellant] was on a tractor in an adjacent field and yelled at Mr. Curry to slow down. Mr. Curry continued on down Chapel Fork Road. Then, [Appellant] proceeded to follow after Mr. Curry in his truck with his headlights flashing. [Appellant] tried to get around Mr. Curry and Mr. Curry let him pass. After Mr. Curry pulled over onto the side of the road, [Appellant] put his truck [crosswise]

---

[*] Former Justice specially assigned to the Superior Court.

on the road so that Mr. Curry could not leave. [Appellant] began to question Mr. Curry about why he did not slow down and at this point [Appellant] was visibly irate.[1] After some arguing, another car came down the road and [Appellant] eventually let that car pass down the road and did not let Mr. Curry go down the road. Finally, Mr. Curry went into reverse and [Appellant] held on to Mr. Curry's back bumper saying[,] "Don't run over my feet!" Mr. Curry turned around on the road and went back towards the entrance of Chapel Fork Road. The entire episode lasted about fifteen to twenty minutes.

Trial Court Opinion, 9/25/15 at 1-2.

Because of the incident, Appellant was cited for the summary offense of harassment. A magisterial district justice found Appellant guilty and the trial court affirmed Appellant's conviction on summary appeal. On July 8, 2015, the trial court sentenced Appellant to pay fines and costs associated with the conviction proceedings. This timely appeal followed.

Appellant argues that the evidence was insufficient to support his Harassment conviction. The following standard governs our review of a challenge to the sufficiency of the evidence.

As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. [T]he facts and circumstances established by the Commonwealth need not be absolutely

_____

[1] Appellant asserts in his brief that he was angry because children play near the road and that he believed Mr. Curry was speeding. **See** Appellant's Brief at 3.

- 2 -

incompatible with the defendant's innocence. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

*Commonwealth v. Mauz*, 122 A.3d 1039, 1040-41 (Pa. Super. 2015) (citation omitted). The factfinder, while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence. *See Commonwealth v. Valentine*, 101 A.3d 801, 805 (Pa. Super. 2014), *appeal denied*, 124 A.3d 309 (Pa. 2015). Furthermore, the Commonwealth may sustain its burden by means of wholly circumstantial evidence. *See Commonwealth v. Diggs*, 949 A.2d 873, 877 (Pa. 2008).

The offense of harassment is defined, in pertinent part, as when a person "with intent to harass, annoy or alarm another … engages in a course of conduct or repeatedly commits acts which serve no legitimate purpose." 18 Pa.C.S.A. § 2709(a)(3).

Appellant argues that the trial court incorrectly determined that his actions in yelling at Curry and preventing him from continuing down the road constituted a course of conduct under section 2709(a)(3), rather than a single act. We disagree.

The statute defines the term "course of conduct" as "[a] pattern of actions composed of more than one act over a period of time, *however short*, evidencing a continuity of conduct." 18 Pa.C.S.A. § 2709(f) (emphasis added). A single act will not constitute a course of conduct under the

definition of harassment. **See Commonwealth v. Lutes**, 793 A.2d 949, 961 (Pa. Super. 2002). This Court has "explained that course of conduct by its very nature requires a showing of a repetitive pattern of behavior." **Commonwealth v. Leach**, 729 A.2d 608, 611 (Pa. Super. 1999) (citation and quotation marks omitted).

Here, Appellant engaged in *several* acts over the course of fifteen to twenty minutes. Appellant first yelled at Curry and then followed him down the road in his truck with his headlights flashing. When Curry pulled over to let Appellant pass, Appellant parked his truck across the road so that Curry could not leave. While blocked on the roadway, Appellant continued to berate Curry and refused to let him pass. This conduct only ceased when Curry eventually reversed his vehicle and proceeded on the roadway in the opposite direction. We conclude that the circumstances of this case establish that Appellant engaged in a course of conduct in harassing Curry. **See Lutes**, 793 A.2d at 961 (where the appellant and his co-defendant confronted the victim outside of his workplace, blocked his path, and repeatedly threatened to fight him, despite the victim's requests to be left alone, holding that this constituted a "course of conduct" for the purpose of the appellant's harassment conviction). Accordingly, Appellant's claim lacks merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/19/2016