J-S83012-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
CHARLES A. WEYANDT :
:
Appellant : No. 452 WDA 2018

Appeal from the Judgment of Sentence February 27, 2018
In the Court of Common Pleas of Bedford County
Criminal Division at No(s): CP-05-SA-0000037-2017

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
CHARLES A. WEYANDT :
:
Appellant : No. 453 WDA 2018

Appeal from the Judgment of Sentence February 27, 2018
In the Court of Common Pleas of Bedford County
Criminal Division at No(s): CP-05-SA-0000038-2017

BEFORE: PANELLA, J., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, J.: **FILED JULY 03, 2019**

In these consolidated cases, Charles A. Weyandt appeals from the

judgment of sentence imposed following his conviction after a bench trial of

two counts of harassment, 18 Pa.C.S.A. § 2709(a)(3).[1] Weyandt challenges the sufficiency of the evidence. We affirm.

The facts of the case are not in substantial dispute. Weyandt's harassment convictions were based on evidence that on two occasions, one in 2016 and one in 2017, he painted the names of several of his neighbors on the sides of his car. Next to the neighbors' names, Weyandt painted the word/acronym "AIDS." *See* N.T. Trial, 2/27/18, at 8, 9, 10, 12-13, 50, 66, 70, and 102-03. At case 452 WDA 2018 (SA 37 of 20017), the court sentenced him to a term of incarceration of thirty days followed by sixty days of probation. At 453 WDA 2018 (SA 38-2017), the court sentenced Weyandt to ninety days of probation to be served consecutive to the other sentence.[2]

Weyandt appealed. Both the trial court and Weyandt complied with Pa.R.A.P. 1925. In lieu of a separate opinion, the trial court referred this Court

---

[1] In relevant part, the Crimes Code defines harassment as follows:

> **(a) Offense defined.—**A person commits the crime of harassment when, with intent to harass, annoy or alarm another, the person:

> \* \* \*

> (3) engages in a course of conduct or repeatedly commits acts which serve no legitimate purpose[.]

18 Pa.C.S.A. § 2709(a)(3).

[2] The trial court also acquitted Weyandt of disorderly conduct. *See* N.T. Trial, 2/27/18, at 106.

to the transcript of the bench trial for the reasoning in support of its decision.

*See* Order, dated 5/24/18, and filed on 5/30/18.

On appeal, Weyandt presents one question for our review:

1. Whether the trial court erred in determining that the evidence was sufficient to find the defendant guilty of 18 Pa.C.S.A. 2709(a)(3), as the Commonwealth failed to present sufficient evidence that the defendant engaged in a course of conduct as the alleged actions were not a pattern of one or more acts that temporally evidenced a continuity of conduct?

Appellant's Brief, at 5.[3]

Our standard of review for a challenge to the sufficiency of the evidence

is well settled.

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

---

[3] The Commonwealth did not file a brief in this appeal.

*Commonwealth v. Best*, 120 A.3d 329, 341 (Pa. Super. 2015) (citations omitted; bracketed material in original). When "evaluating the sufficiency of the evidence, we do not review a diminished record." *Commonwealth v. Hilliard*, 172 A.3d 5, 10 (Pa. Super. 2017) (citation omitted). "Rather, the law [provides] that we are required to consider all evidence that was actually received, without consideration as to the admissibility of that evidence or whether the trial court's evidentiary rulings are correct." *Id.* (brackets in original).

> Section 2709 defines "course of conduct" as follows:
>
> "Course of conduct." A pattern of actions composed of more than one act over a period of time, however short, evidencing a continuity of conduct. The term includes lewd, lascivious, threatening or obscene words, language, drawings, caricatures or actions, either in person or anonymously. Acts indicating a course of conduct which occur in more than one jurisdiction may be used by any other jurisdiction in which an act occurred as evidence of a continuing pattern of conduct or a course of conduct.

18 Pa.C.S.A. § 2709(f).

On appeal, Weyandt argues chiefly that because the two cited incidents occurred approximately eight months apart they fail to show a "continuity of conduct" or a pattern, and his convictions should be vacated. Appellant's Brief, at 12. We disagree.

Weyandt offers no controlling authority in support of this claim. Instead, he cites the language of section 2709 referring to "more than one act" and caselaw to the same effect. Appellant's Brief, at 9. He cites *Commonwealth v. Leach*, 729 A.2d 608 (Pa. Super. 1999) for the need to show a repetitive

- 4 -

pattern of behavior. However, he disregards *Leach's* explicit conclusion that "[c]ourse of conduct is established by proof of **two related but separate events**. For purposes of the stalking statute, course of conduct is a pattern of actions composed of **more than one act** over a period of time, however short, evidencing a continuity of conduct." *Leach*, 729 A.2d at 611 (emphases added, internal quotation marks omitted). Furthermore, each action, including the first, is capable of sustaining a separate conviction for harassment. *See id*. at 612.

Viewing the evidence in the light most favorable to the Commonwealth as verdict winner, as we must under our standard of review, we have no difficulty in concluding that the trial court properly determined that the two incidents at issue constituted "[a] pattern of actions composed of more than one act of over a period of time." 18 Pa.C.S.A. § 2709(f). Weyandt's insufficiency argument fails.

Moreover, Weyandt's exclusive emphasis on the two cited incidents totally ignores the trial court's conclusion, supported by an abundance of record testimony, that he posted signs with similar pejorative claims, not only on his own family property but also on public property in the area and even utility poles. *See* N.T., Bench Trial, 2/27/18, at 118-26. The signs suggested, among other things, that his various neighbors had sexually transmitted diseases. The trial court found that this conduct "has gone on for a number of years." *Id*. at 125.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/3/2019