J-S53010-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL A. GLOVER | : | |
| | : | |
| Appellant | : | No. 2696 EDA 2018 |

Appeal from the Judgment of Sentence Entered April 27, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003671-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL A. GLOVER | : | |
| | : | |
| Appellant | : | No. 2698 EDA 2018 |

Appeal from the Judgment of Sentence Entered April 27, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003669-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL A. GLOVER | : | |
| | : | |
| Appellant | : | No. 2701 EDA 2018 |

Appeal from the Judgment of Sentence Entered April 27, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003670-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |

J-S53010-19

                               :
                v.                     :
                               :
                               :

MICHAEL A. GLOVER              :
                               :
        Appellant          :    No. 2703 EDA 2018

Appeal from the Judgment of Sentence Entered April 27, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0003672-2016

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                               :           PENNSYLVANIA
                               :
                v.                    :
                               :
                               :

MICHAEL A. GLOVER              :
                               :
        Appellant          :    No. 2705 EDA 2018

Appeal from the Judgment of Sentence Entered April 27, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0003675-2016

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                               :           PENNSYLVANIA
                               :
                v.                    :
                               :
                               :

MICHAEL  GLOVER                :
                               :
        Appellant          :    No. 2706 EDA 2018

Appeal from the Judgment of Sentence Entered April 27, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0008021-2016

BEFORE:  OLSON, J., STABILE, J., and NICHOLS, J.

MEMORANDUM BY OLSON, J.:          **FILED DECEMBER 06, 2019**

- 2 -

Appellant, Michael A. Glover, appeals from the judgment of sentence entered on April 27, 2018, as made final by the denial of Appellant's post-sentence motion on August 20, 2018. We affirm.

The trial court ably summarized the underlying facts of this case:

CP-51-CR-0003675-2016

On February 1, 2016, [K.M. (hereinafter "the Victim")] left work to go out to lunch. . . . As [the Victim] walked outside, she was wearing earbuds and talking on the phone with her cousin. When she was about to get into her car, she noticed [Appellant,] with whom she was in a relationship from March to October of 2015[,] reversing toward her in his vehicle. He exited his car and grabbed the top of [the Victim's] car door before she was able to close it. In response to [the Victim] telling [Appellant] he should not be there, [Appellant] threw a teddy bear and a card inside of her car. [The Victim] continued to tell [Appellant] to leave. [Appellant] then allowed [the Victim] to get into her car and close the door....

[The Victim] drove around the corner and [Appellant] pulled around to her right side so that she was unable to drive any further. [Appellant] exited his car and jumped into the passenger seat of [the Victim's] car. He began yelling at [the Victim], asking her to whom she was speaking on the phone. [The Victim] instructed her cousin to call the police. She honked the car horn in an effort to draw attention. At this time, [Appellant] grabbed her cell phone, which was attached to the earbuds she was wearing. When [the Victim] attempted to retrieve it, [Appellant] hit the right side of her forehead with the bottom of the phone[, causing the Victim to suffer "a knot on [her] forehead." N.T. Trial, 2/9/18, at 46-47]. After she attempted to hit him and grab his glasses, [Appellant] got out of [the Victim's] car. He left in his car with [the Victim's] cell phone. . . .

[The Victim] drove toward police officers who told her to pull over so they could speak to her. [The Victim was, however, w]orried that [Appellant] might go to the school her children

- 3 -

attended, [so the Victim] drove back to work to tell her boss that she would be leaving for the day. . . .

[When the Victim arrived at her work parking place, she stopped her vehicle and, before she could exit, Appellant] pulled his car up to the side of [her] car so that she could not open her door. He leaned over and began hitting [the Victim's] car window with a screwdriver. She rolled down the window, but [Appellant] did not stop. Finally, [the Victim] honked the car horn again and [Appellant] drove away.

CP-51-CR-0008021-2016

On February 8, 2016, [the Victim] obtained a final Protection From Abuse [("PFA")] order[,] . . . valid until February 7, 2019[,] against [Appellant]. The PFA [order] prohibited [Appellant] from abusing, harassing, stalking, or threatening her. In addition, [Appellant] was forbidden from having any contact with [the Victim] by telephone or through a third party. Lastly, [Appellant] was evicted from [a certain residence]. . . .

On March 1, 2016, [the Victim] received several emails from [Appellant]. In these emails, [Appellant] threatened to kill [the Victim], and [Appellant] sent [the Victim] photos of her home and workplace. . . .

CP-51-CR-0003669-2016

On March 12, 2016, at approximately 2:00 a.m., [the Victim] received several phone calls. The police arrived at [the Victim's] house in response to a call, which [the Victim] explained likely came from [Appellant]. [Appellant] also left various threatening voicemails, including threats to kill her.

CP-51-CR-0003670-2016 & CP-51-CR-0003671-2016

In an incident that occurred later on March 12, 2016, [the Victim] was sitting on her front porch with her sister [(hereinafter "the Sister")]. . . . [The Sister] noticed a car driving slowly on the one-way street. When it stopped, [the Sister] realized it was [Appellant]. [Appellant] exited his car and began striking [the Victim's] car window with an object resembling a baton, while yelling out profanities. . . .

Both [the Victim and the Sister] ran toward [Appellant] and sprayed him with pepper spray. [Appellant] got back into his car and began driving away while holding onto [the Victim] by her hoodie. [The Victim] was dragged until [the Sister] threw a pepper spray can at [Appellant's] car. [Appellant] then quickly reversed in his car toward [the Sister], who was standing in the middle of the street. [The Sister] jumped out of the way and [Appellant] drove away. . . .

[The Victim and the Sister] followed [Appellant] in [the Victim's] car in an effort to get his license plate number. While they were looking for [Appellant], he came speeding toward the passenger side of their car. [The Victim] was able to swerve so that [Appellant] struck only the back of her car. As a result of this incident, [the Victim] sustained back pain and [the Sister] experienced wrist soreness.

CP-51-CR-0003672-2016

On March 14, 2016, [the Victim] was at an auto-repair shop in Philadelphia. She was sitting in the waiting area looking down at her phone when [Appellant] entered the shop and grabbed the phone from her. He then punched her in the eye. [The Victim] fell out of her chair and onto the ground...

[Appellant] appeared to be leaving but then came back toward [the Victim]. [The Victim] lifted a plastic chair and held it out in front of her to keep [Appellant] away. He pushed against the chair, causing [the Victim] to fall backwards into glass causing it to shatter. [Appellant] then ran outside and broke at least two more windows on [the Victim's] car.

Trial Court Opinion, 4/26/19, at 2-4 (citations and some capitalization omitted).

Following a bench trial, the trial court found Appellant guilty of the following crimes:

- at CP-51-CR-0003675-2016 (hereinafter "Docket Number 3675-2016"), robbery, theft by unlawful taking, receiving stolen property, possessing instruments of crime ("PIC"), simple assault, and harassment;[1]

- at CP-51-CR-0008021-2016 (hereinafter "Docket Number 8021-2016"), stalking, terroristic threats, and harassment;[2]

- at CP-51-CR-0003669-2016 (hereinafter "Docket Number 3669-2016"), stalking, contempt for violation of order or agreement, terroristic threats, and harassment;[3]

- at CP-51-CR-0003670-2016 (hereinafter "Docket Number 3670-2016"), aggravated assault, stalking, contempt for violation of order or agreement, PIC, simple assault, recklessly endangering another person ("REAP"), and harassment;[4]

- at CP-51-CR-0003671-2016 (hereinafter "Docket Number 3671-2016"), aggravated assault, PIC, simple assault, and REAP;[5] and,

---

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(iv), 3921(a), 3925(a), 907(a), 2701(a), and 2709(a)(1), respectively.

[2] 18 Pa.C.S.A. §§ 2709.1(a)(1), 2706(a)(1), and 2709(a)(1), respectively.

[3] 18 Pa.C.S.A. § 2709.1(a)(1), 23 Pa.C.S.A. § 6114(a), and 18 Pa.C.S.A. §§ 2706(a)(1) and 2709(a)(4), respectively.

[4] 18 Pa.C.S.A. §§ 2702(a) and 2709.1(a)(1), 23 Pa.C.S.A. § 6114(a), and 18 Pa.C.S.A. §§ 907(a), 2701(a), 2705, and 2709(a)(4), respectively.

[5] 18 Pa.C.S.A. §§ 2702(a), 907(a), 2701(a), and 2705, respectively.

- at CP-51-CR-0003672-2016 (hereinafter "Docket Number 3672-2016"), robbery, stalking, theft by unlawful taking, receiving stolen property, contempt for violation of order or agreement, terroristic threats, simple assault, and harassment.[6]

On April 27, 2018, the trial court sentenced Appellant to serve an aggregate term of seven to 14 years in prison, followed by five years of probation, for his convictions. N.T. Sentencing, 4/27/18, at 40-44.

On August 20, 2018, the trial court denied Appellant's post-sentence motion and Appellant filed a timely notice of appeal. Appellant's statement of questions involved raises the following, general claim to this Court:

> Did the [trial] court err by convicting Appellant of numerous charges for which the Commonwealth did not present sufficient evidence?

Appellant's Brief at 3 (some capitalization omitted).

Appellant's general claim of error encompasses seven specific claims of evidentiary insufficiency. In particular, Appellant argues that the evidence was insufficient to support his convictions for: 1) robbery, at Docket Number 3675-2016, because the Victim "did not testify to any contemporaneous threats or any bodily injury she suffered[; n]or did [the Victim] testify that she was in fear of immediate bodily injury;" 2) PIC, at Docket Number 3675-2016, because "[t]he evidence presented did not prove that Appellant

---

[6] 18 Pa.C.S.A. §§ 3701(a)(1)(iv), 2709.1(a)(1), 3921(a), and 3925(a), 23 Pa.C.S.A. § 6114(a), and 18 Pa.C.S.A. §§ 2706(a)(1), 2701(a), and 2709(a)(4), respectively.

possessed the phone with the intent to employ it criminally;" 3) aggravated assault, at Docket Number 3670-2016, because the Commonwealth did not prove that Appellant attempted to cause the Victim serious bodily injury; 4) aggravated assault, at Docket Number 3671-2016, because the Commonwealth did not prove that Appellant attempted to cause the Sister serious bodily injury; 5) PIC, at Docket Number 3671-2016, because the Commonwealth did not prove that Appellant "used the vehicle criminally" towards the Sister; 6) robbery, at Docket Number 3672-2016, because the Commonwealth did not prove that Appellant used force to take the phone; and, 7) stalking, at Docket Number 3672-2016, because the Commonwealth did not prove that Appellant engaged in a "course of conduct" towards the Victim. *See* Appellant's Brief at 12-20.[7]

_____

[7] The trial court ordered Appellant to file and serve a concise statement of errors complained of on appeal, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). Appellant complied with the trial court's order and raised the following claims in his Rule 1925(b) statement:

> 1. On [Docket Number 3675-2016], the evidence was insufficient to prove the following convictions:
>
>> a. robbery, as the evidence did not establish that the [Victim] suffered injury or was put in fear of injury; and
>>
>> b. [PIC], as the evidence did not establish that Appellant intended to employ the cell phone criminally.
>
> 2. On [Docket Number 3670-2016], the evidence was insufficient to prove the following convictions:

We review Appellant's sufficiency of the evidence challenges under the following standard:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying

---

> > a. aggravated assault, as the evidence did not establish that the [Victim] suffered serious bodily injury or that Appellant attempted to cause such injury; and
>
> > b. [PIC], as the evidence did not establish that Appellant intended to employ the car criminally.
>
> 3. On [Docket Number 3671-2016], the evidence was insufficient to prove the following convictions:
>
> > a. aggravated assault, as the evidence supported a finding that Appellant was merely reckless in his conduct and the evidence was insufficient to prove any heightened standard; and
>
> > b. [PIC], as the evidence did not establish that Appellant intended to employ the car criminally.
>
> 4. On [Docket Number 3672-2016], the evidence was insufficient to prove the following convictions:
>
> > a. robbery, as the evidence did not support that the [Victim] suffered serious bodily injury, or that she was threatened or placed in fear of such injury; and
>
> > b. stalking, as the bills of information charged Appellant on this docket with a single criminal act, and the charge of stalking is expressly directed at courses of conduct and not single acts.

Appellant's Rule 1925(b) Statement, 10/31/18, at 1-2 (some capitalization omitted).

the above test, we may not weigh the evidence and substitute our judgment for [that of] the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Brown*, 23 A.3d 544, 559–560 (Pa. Super. 2011) (*en banc*), *quoting* *Commonwealth v. Hutchinson*, 947 A.2d 800, 805–806 (Pa. Super. 2008).

First, Appellant claims that the evidence was insufficient to support his robbery conviction at Docket Number 3675-2016.

Appellant was convicted of robbery under 18 Pa.C.S.A. § 3701(a)(1)(iv). In relevant part, Section 3701 declares:

(1) A person is guilty of robbery if, in the course of committing a theft, he:

. . .

(iv) inflicts bodily injury upon another or threatens another with or intentionally puts him in fear of immediate bodily injury[.]

. . .

- 10 -

(2) An act shall be deemed "in the course of committing a theft" if it occurs in an attempt to commit theft or in flight after the attempt or commission.

18 Pa.C.S.A. § 3701.

The term "bodily injury" is defined as "[i]mpairment of physical condition or substantial pain." 18 Pa.C.S.A. § 2301.

According to Appellant, the evidence was insufficient to support his robbery conviction because the Victim "did not testify to any contemporaneous threats or any bodily injury she suffered[; n]or did [the Victim] testify that she was in fear of immediate bodily injury." Appellant's Brief at 12-13. This claim fails.

As we have held, to sustain a robbery conviction under subsection 3701(a)(1)(iv), the victim does not need to testify as to her subjective state of mind. We explained:

> In determining whether all of the elements of the crime of robbery have been met, a reviewing court will consider the defendant's intent and actions and not necessarily the subjective state of mind of the victim. Whether the victim was in fact put in fear under such circumstances [is] not controlling.

*Commonwealth v. Davison*, 177 A.3d 955, 957 (Pa. Super. 2018) (quotations and citations omitted); *see also Commonwealth v. Leatherbury*, 473 A.2d 1040, 1042 (Pa. Super. 1984) (holding: "[w]hen appellant and another young man came up behind [an] elderly man who was walking alone at 1:15 in the morning, grabbed him by both arms, and demanded his money and his wallet, the trier of the facts could infer that the

- 11 -

young men intended to acquire the victim's money by placing him in fear of immediate bodily injury. Neither the fact that they did not inflict bodily injury nor that they were unsuccessful in obtaining the victim's money was controlling. An aggressive act intended to place the victim in fear that he was in danger of immediate physical harm was sufficient to elevate an attempted theft to robbery, 18 Pa.C.S.A. § 3701(a)(1)(iv). Whether the victim was in fact put in fear under such circumstances [is] not controlling").

Further, as is relevant to the current issue, the language of Section 3701(a)(1)(ii) is substantively identical to that contained in Section 3701(a)(1)(iv). **Compare** 18 Pa.C.S.A. § 3701(a)(1)(ii) ("A person is guilty of robbery if, in the course of committing a theft, he: . . . (ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury"), **with** 18 Pa.C.S.A. § 3701(a)(1)(iv) ("A person is guilty of robbery if, in the course of committing a theft, he: . . . (iv) . . . threatens another with or intentionally puts him in fear of immediate bodily injury"). This Court has held that, to determine whether the victim has been placed in fear of serious bodily injury for purposes of Section 3701(a)(1)(ii), a court must utilize an objective standard. We explained:

> The evidence is sufficient to convict a defendant of robbery under [Section 3701(a)(1)(ii)] if the evidence demonstrates aggressive actions that threatened the victim's safety. The court must focus on the nature of the threat posed by an assailant and whether he reasonably placed a victim in fear of immediate serious bodily injury. Additionally, this Court has held that the threat need not be verbal. . . .

- 12 -

> When determining whether a victim has been placed in fear of serious bodily injury, this Court uses an objective standard; therefore, the victim's subjective state of mind during the robbery is not dispositive. *Commonwealth v. Kubis*, 978 A.2d 391, 398 (Pa. Super. 2009) (concluding that the nature of appellant's threat to stab the victim was such that a reasonable person in the victim's position would fear for his life or safety even though no knife was physically produced during robbery).

*Commonwealth v. Valentine*, 101 A.3d 801, 807 (Pa. Super. 2014) (quotations, corrections, and some citations omitted).

Since the pertinent language in Sections 3701(a)(1)(ii) and 3701(a)(1)(iv) is substantively identical, *Valentine's* above-quoted analysis and holding is equally applicable to Section 3701(a)(1) (iv). As such, to determine whether a defendant "threaten[ed] another with or intentionally put[] him in fear of immediate bodily injury" for purposes of Section 3701(a)(1)(iv), this Court must utilize an objective standard. *See id.*

The evidence in the case at bar demonstrates that, on February 1, 2016, the Victim was driving her vehicle on the road when Appellant drove his vehicle next to hers and cut her off. N.T. Trial, 2/9/18, at 14. Appellant then jumped out of his vehicle, jumped into the Victim's passenger-side seat, and began yelling at her. *Id.* The Victim, who was having a cell phone conversation with her cousin at the time, told her cousin to call the police. *Id.* at 14-15. In response, Appellant grabbed the Victim's cell phone, which caused the earbuds to rip out of her ears, and hit the Victim in her forehead with the cell phone. *Id.* at 15.

Regardless of whether Appellant actually caused the Victim "bodily injury," Appellant's aggressive and frightening actions would have placed a reasonable person in the Victim's position in fear of immediate bodily injury. As such, the evidence was sufficient to support Appellant's robbery conviction under Section 3701(a)(1)(iv).  **See Davison**, 177 A.3d at 957; **Valentine**, 101 A.3d at 807.  Appellant's claim to the contrary fails.

Next, Appellant claims that the evidence was insufficient to support his PIC conviction at Docket Number 3675-2016.

Section 907 of the Crimes Code generally defines PIC in the following manner:

> **(a) Criminal instruments generally.--**A person commits a misdemeanor of the first degree if he possesses any instrument of crime with intent to employ it criminally.

18 Pa.C.S.A. § 907(a).

In relevant part, the statute defines "instrument of crime" as: "[a]nything used for criminal purposes and possessed by the actor under circumstances not manifestly appropriate for lawful uses it may have."  18 Pa.C.S.A. § 907(d).

Appellant was convicted of PIC for possessing the Victim's cell phone with the intent to employ it criminally.[8]  **See** Commonwealth's Information at

---

[8] The Commonwealth claims that the PIC conviction was based upon Appellant's possession of the screwdriver, which he used to attack the Victim's car window, and not the cell phone.  Commonwealth's Brief at 12.  The Commonwealth is mistaken.  Certainly, the criminal information specified that,

Docket Number 3675-2016, at Count 4; Trial Court Opinion, 4/26/19, at 6.

On appeal, Appellant claims that the evidence was insufficient to support this

conviction because the Commonwealth failed to prove that he possessed the

phone "with the intent to employ it criminally." Appellant's Brief at 13.

However, the evidence demonstrates that Appellant struck the Victim in the

head with the cell phone. N.T. Trial, 2/9/18, at 15. And, since Appellant used

the cell phone to assault the Victim, the evidence is sufficient to prove that

Appellant, in fact, employed the phone criminally.[9] Thus, Appellant's

sufficiency claim fails.

Third, Appellant claims that the evidence is insufficient to support his

aggravated assault conviction at Docket Number 3670-2016.

_____

for purposes of the PIC charge, the "instrument of crime" was the "phone." Commonwealth's Information at Docket Number 3675-2016, at Count 4 (some capitalization omitted). Further, in addressing Appellant's sufficiency challenge to his PIC conviction, the trial court's opinion analyzed whether Appellant possessed the phone with the intent to employ it criminally. Trial Court Opinion, 4/26/19, at 6 ("[e]vidence that [Appellant] held [the Victim's] cell phone in his hand and used it to strike the right side of her forehead was sufficient to sustain the conviction for [PIC]").

[9] Appellant claims the evidence demonstrates that he did not assault the Victim with the cell phone; instead, he claims, the "entire struggle was a spontaneous and unpredictable event." Appellant's Brief at 13. This argument necessarily fails, as it does not view the evidence in the light most favorable to the Commonwealth. *See Brown*, 23 A.3d at 559–560 ("[t]he standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt").

- 15 -

The trial court found Appellant guilty of aggravated assault under 18 Pa.C.S.A. § 2702(a)(1).  This subsection states:

A person is guilty of aggravated assault if he:

(1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life[.]

18 Pa.C.S.A. § 2702(a)(1).

"Serious bodily injury" is defined as:  "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ."  18 Pa.C.S.A. § 2301.

On appeal, Appellant claims that the evidence was insufficient to support his aggravated assault conviction, as the Commonwealth did not prove that he attempted to cause the Victim serious bodily injury.  Appellant's Brief at 14-16.  This claim is frivolous.

Our Supreme Court has summarized:

"A person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime." 18 Pa.C.S.A. § 901(a).  An attempt under § 2702(a)(1) requires a showing of some act, albeit not one causing serious bodily injury, accompanied by an intent to inflict serious bodily injury.

"A person acts intentionally with respect to a material element of an offense when . . . it is his conscious object to engage in conduct of that nature or to cause such a result." 18 Pa.C.S.A. § 302(b)(1)(i).  As intent is a subjective frame of mind, it is of necessity difficult of direct proof.  The intent

to cause serious bodily injury may be proven by direct or circumstantial evidence.

[In **Commonwealth v. Alexander**, 383 A.2d 887 (Pa. 1978), the Pennsylvania Supreme Court] created a totality of the circumstances test, to be used on a case-by-case basis, to determine whether a defendant possessed the intent to inflict serious bodily injury. **Alexander** provided a list, albeit incomplete, of factors that may be considered in determining whether the intent to inflict serious bodily injury was present, including evidence of a significant difference in size or strength between the defendant and the victim, any restraint on the defendant preventing him from escalating the attack, the defendant's use of a weapon or other implement to aid his attack, and his statements before, during, or after the attack which might indicate his intent to inflict injury. **Alexander**, [383 A.2d] at 889. Alexander made clear that "simple assault combined with other surrounding circumstances may, in a proper case, be sufficient to support a finding that an assailant attempted to inflict serious bodily injury, thereby constituting aggravated assault. . . .

**Commonwealth v. Matthew**, 909 A.2d 1254, 1257 (Pa. 2006) (some quotations, citations, and corrections omitted).

The trial court thoroughly explained why Appellant's sufficiency claim is frivolous:

Here, there was sufficient evidence to conclude that [Appellant] took a substantial step toward inflicting serious bodily injury when he got into his car, held onto [the Victim] by her hoodie, and began driving. He dragged her "a couple of feet" before dropping her, and only did so because [the Sister] threw a pepper spray can at his vehicle. Throughout the incident, [Appellant] laughed, yelled out profanities, and "threaten[ed] to kill [them] the whole entire time." . . .

After [Appellant] drove away, [the Victim and the Sister] attempted to follow him in their vehicle. [Appellant] sped toward them. As his vehicle was approaching the passenger side of their vehicle, [the Victim] was able to swerve out of

- 17 -

the way causing [Appellant] to only hit the rear of her vehicle.
. . .

[Appellant's] actions, coupled with his statements during these incidents, were sufficient proof of his attempt to cause serious bodily injury.

Trial Court Opinion, 4/26/19, at 7-8 (citations omitted).

We agree with the trial court's analysis and conclude that Appellant's claim of error fails.

For his fourth and fifth claims on appeal, Appellant contends that the evidence was insufficient to sustain his aggravated assault and PIC convictions at Docket Number 3671-2016. These convictions were based upon Appellant's action of driving his vehicle directly at the passenger-side of the Victim's car, while the Sister was sitting in the passenger's seat of the Victim's car. According to Appellant, the evidence merely proved that Appellant acted "reckless[ly], not criminal[ly]." Appellant's Brief at 16-17.

Appellant's claims are frivolous. Viewing the evidence in the light most favorable to the Commonwealth, the evidence demonstrates that Appellant intentionally used his vehicle as a deadly weapon and specifically intended to use that deadly weapon to, first, strike the Sister while she was standing in the street and, then, when the Sister got into the passenger's seat of the Victim's car, Appellant attempted to drive his vehicle into the passenger-side of the Victim's car.

The evidence is thus sufficient to establish that Appellant used his vehicle in a criminal manner, in an attempt to cause the Sister serious bodily injury. Hence, the evidence is sufficient to sustain Appellant's aggravated

assault and PIC convictions at Docket Number 3671-2016. Appellant's fourth and fifth claims on appeal fail.

Appellant next claims that the evidence was insufficient to support his robbery conviction at Docket Number 3672-2016. Within his brief, Appellant argues that the evidence was insufficient because it "failed to establish[] the force – however slight – necessary to sustain any gradation of robbery." Appellant's Brief at 17. This claim is waived, as Appellant did not raise it in his Rule 1925(b) statement. *See* Appellant's Rule 1925(b) Statement, 10/31/18, at 1-2 (contending that the evidence was insufficient to support his robbery conviction because "the evidence did not support that the [Victim] suffered serious bodily injury, or that she was threatened or placed in fear of such injury"); Pa.R.A.P. 1925(b)(4)(vii) ("[i]ssues not included in the [Rule 1925(b)] Statement . . . are waived").

Finally, Appellant posits that the evidence was insufficient to support his stalking conviction at Docket Number 3672-2016.

Appellant was convicted of stalking under 18 Pa.C.S.A. § 2709.1(a)(1), which states:

> A person commits the crime of stalking when the person...:
>
> > (1) engages in a course of conduct or repeatedly commits acts toward another person, including following the person without proper authority, under circumstances which demonstrate either an intent to place such other person in reasonable fear of bodily injury or to cause substantial emotional distress to such other person. . . .

18 Pa.C.S.A. § 2709.1(a)(1).

Appellant contends that the evidence did not demonstrate that he engaged in a "course of conduct" here. The claim is meritless.

Section 2709.1 defines the term "course of conduct" to mean: "[a] pattern of actions composed of more than one act over a period of time, however short, evidencing a continuity of conduct." 18 Pa.C.S.A. § 2709.1(f). Further, as we have held:

> [c]ourse of conduct is established by proof of two related but separate events. . . . The elements of stalking are not established until the occurrence of a second prohibited act and any additional acts extend the course of conduct. These additional acts, in conjunction with the prior acts, also create a new "course of conduct" and are, by definition, stalkings. . . .
>
> [S]talking, as defined by the legislature, occurs with each act involved in an established course of conduct, and forms the basis for an independent charge. Each stalking, including the first, is a certifiable count, capable of sustaining a separate conviction and sentence. Each act, constituting the course of conduct leading to arrest and trial, is not merely cumulative evidence of stalking but a stalking in and of itself.

*Commonwealth v. Leach*, 729 A.2d 608, 611-612 (Pa. Super. 1999) (emphasis omitted).

The evidence presented at trial established that, from February 1, 2016 until March 14, 2016, Appellant engaged in a loathsome and outrageous course of conduct that he directed at the Victim and that was intended to place the Victim in reasonable fear of bodily injury and to cause her substantial emotional distress. Appellant's final acts in this horrid chain of events occurred on March 14, 2016, when Appellant violated the PFA order by

approaching the Victim in an automobile repair shop – where the Victim was having a car window repaired that Appellant had broken two days prior. It was in this shop that Appellant took the Victim's cell phone out of her hand, punched her in the eye, pushed her into glass shelves, and then ran outside and broke at least two more windows on her vehicle. N.T. Trial, 2/9/18, at 47-51. Simply stated, this final, charged event was "not merely cumulative evidence of stalking but a stalking in and of itself." *See Leach*, 729 A.2d at 612. Appellant's final claim on appeal thus fails.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/6/19